## CHARLESTON.

EDWARD F. GERBER COMPANY v. D. SCOTT THOMPSON

Submitted October 7, 1919.　Decided October 14, 1919

1. JUDGMENT—*Power of Attorney to Confess Judgment Must State Amount.*

    A power of attorney purporting to give authority to confess judgment must state the amount for which such judgment is to be confessed, or at least contain facts from which such amount can be definitely ascertained. (p. 724).

2. SAME—*Power of Attorney to Confess Judgment for Amount Due Invalid.*

    A paper purporting to confer authority to confess judgment for such amount as may be found due from one party to another, upon their dealings in the future, is invalid because of the uncertainty and indefiniteness of the amount for which such con-confession of judgment is attempted to be authorized. (p. 724).

3. SAME—*Personal Service Necessary to Personal Judgment in Attachment Suit.*

    . A judgment in an attachment suit where no personal service is had upon the defendant therein has no other effect than to

reach the property which the non resident defendant may have in the state; and after such property is exhausted such judgment is of no force or effect. (p. 725).

4. SAME—*Conclusiveness as to Parties and Privies.*

A judgment rendered by a court of competent jurisdiction after service of process upon the parties to be affected thereby is conclusive, not only upon those who are actually parties thereto, but also upon all who are in privity with them. (p. 727).

5. SAME—*Not Res Judicata as to Interest of Third Party Before Litigation.*

For the purpose of the application of the rule of *res judicata* to persons because of their privity with the parties to a suit, it must appear that the estate or interest of such a one was acquired from or through such actual party after the litigation. If his interest in the cause of action or the subject-matter of the litigation was acquired prior to the litigation he will not be bound by the judgment. (p. 727).

6. SAME—*For Money Not Conclusive in Action by Defendant for Debt Not Litigated.*

A judgment rendered in a suit for the recovery of money is not conclusive of the defendant's right to maintain a subsequent suit to recover a debt claimed to be due to him by the plaintiff in the former suit, when such claim was not pleaded or relied upon therein. The adjudication in such former suit where the recovery of money is sought is only conclusive of the matters actually put in issue therein, and such other matters as are defensive to the claim set up, and does not bar a suit upon a different claim which either of the parties may have against the other. (p. 727).

7. TRIAL—*Issues Raised by Pleas in Bar Should be Tried Together.*

Where there is more than one issue upon pleas in bar in an action at law, they should all be tried together. (p. 727).

8. APPEAL AND ERROR—*Where Finding for Defendant on One Issue Erroneous Remand for Trial of Remaining Issues.*

Where, however, the court below with the assent of the parties proceeds to the trial, without a jury, of only one of such issues, and erroneously finds for the defendant upon such issue, and renders judgment accordingly, this Court will reverse the same, set aside the findings of the court below, and remand the cause for a trial upon the remaining issue, or issues. (p. 728).

Error to Circuit Court, Harrison County.

Suit by the Edward F. Gerber Company against D. Scott

Thompson. Judgment for defendant on plea of res judicata alone, and plaintiff brings error.

*Reversed and remanded.*

*Robert R. Wilson,* for plaintiff in error.

*Clarence B. Sperry* and *John C. Southern,* for defendant in error.

RITZ, JUDGE:

On the 3rd of January, 1913, the defendant D. Scott Thompson entered into a contract with the Pennsylvania Sales Corporation, assignor of the plaintiff in this case, by which he became the agent of that concern for the sale of Michigan automobiles and their accessories in certain designated territory. The provisions of the contract, so far as they are material to the determination of the questions involved here, are that Thompson deposited one thousand dollars with the Sales Corporation to be held by it as security for the payment of any amount which he might owe, and to be refunded to him by crediting it on the automobiles sold by him, at the rate of one hundred dollars for each of such machines so sold. The contract further fixed the price at which such machines and their accessories were to be sold, and the compensation to be allowed to Thompson for making the sales. It further provided that in case of the failure of Thompson to remit the invoice price of the automobiles and parts shipped and sold under the agreement at the time provided in the contract he, the said Thompson, authorized any attorney of a court of record selected by the other party to confess judgment in any court of law of competent jurisdiction for the amount of any unpaid balance. This suit was brought by Edward F. Gerber Company, a corporation, assignee of the Pennsylvania Sales Corporation, to recover a balance alleged to be due by the said Thompson upon the contract aforesaid. An affidavit was filed with the declaration in which was stated the amount which the plaintiff claimed the right to recover. When the case was called for trial the plaintiff by its attorney appeared and moved to be permitted to confess judgment in favor of the plaintiff against the defendant for the sum claimed in the affidavit. The defendant resisted this

motion and asked to be allowed to file his counter affidavit and plea of non assumpsit. The court below declined to allow plaintiff's attorney to confess judgment, but permitted the counter affidavit to be filed, together with the plea of non assumpsit. Subsequently the defendant filed his special plea of *res judicata.* This special plea is based upon an attachment proceeding instituted by the defendant against the Pennsylvania Sales Corporation in December, 1913. It appears that the defendant instituted in the circuit court of Harrison county an action in assumpsit in December, 1913, to recover the one thousand dollars deposited by him under the contract. No service of process was had upon the defendant, but the jurisdiction was sustained by levying an attachment sued out in said cause on one of the machines shipped to Thompson for sale. Without any appearance on behalf of the Sales Corporation a judgment was taken condemning the said machine to sale in satisfaction of plaintiff's demand. It was sold, the sale confirmed, and the proceeds thereof paid over to the plaintiff, and this proceeding Thompson now sets up as *res judicata* in this suit. A trial was had in the court below upon the issue raised by the plea of *res judicata* alone, and the court found thereon in favor of Thompson and rendered judgment accordingly, from which judgment this writ of error is prosecuted.

The plaintiff's first contention is that the court erred in not granting its motion to confess judgment by its attorney in its favor against the defendant because of the provision in the contract referred to. This contract created the defendant Thompson an agent for the sale of the Sales Corporation's goods at an agreed price. At the time it was entered into there was no amount due by Thompson, and the provision authorizing the confession of judgment simply provided that when any amount might become due and unpaid, in accordance with the terms of the contract, the plaintiff, through its attorney, might confess judgment in its favor. It will be observed that there is nothing in the contract from which such amount can be determined. It depended entirely upon the future dealings of the parties. Ordinarily an authority to confess judgment ought to be as certain in its terms as the

judgment itself.    The amount for which such judgment is to be confessed should be clearly stated, or else facts and figures given in the power itself from which the amount can be certainly determined.    Such is not the case here, and for that reason alone the alleged power of attorney conferred no authority to confess judgment for any amount.    23 Cyc. 704; 15 R. C. L. 653; *Bennett* v. *Haley,* 142 Pa. St. 253; *Little* v. *Dyer,* 138 Ill. 272; *Fortune* v. *Bartolomei,* 164 Ill. 51; *Holden* v. *Bull,* 1 Penrose & Watts (Pa.) 460; *Connay* v. *Halstead,* 73 Pa. 354; 11 Ency. of Pleading & Practice, 981.    The court did not err in denying plaintiff's motion to confess judgment and permitting the defendant to file his counter affidavit and plea.

The plaintiff, however, contends that the court below erred in finding for the defendant on his special plea of *res judicata.*    As before stated, this special plea relied upon the judgment in an attachment suit brought by Thompson against plaintiff's assignor, in which no service of process was had, but which jurisdiction was sustained by reason of a levy made on one of the automobiles shipped to Thompson by the Sales Corporation.    In this suit Thompson filed an account upon which he asked recovery, and it was for the one thousand dollars advanced by him to the Sales Corporation under the contract.    The judgment was in his favor for this sum with its interest, and adjudged that the property attached was liable to be sold in satisfaction thereof.    What is the effect of such a judgment?    The defendant contends that it is conclusive of all controversies existing between the parties, while the plaintiff contends that it is conclusive of nothing except the fact that Thompson was entitled to have the particular property upon which the levy was made sold to satisfy his alleged debt.    A proceeding by way of attachment partakes somewhat in its nature both of a proceeding *in rem* and one *in personam.*    It is not, strictly speaking, a proceeding *in rem,* although it partakes more of the nature of such a proceeding where no service of process has been had than it does of a proceeding *in personam.*    There is this difference, however.    In a pure proceeding *in rem,* the judgment is conclusive against the world as to the right in the property or

thing seized, or the status sought to be determined, while in a proceeding by attachment, where there is no service of process the attachment is only conclusive upon the parties to it and their privies. If a stranger claims to own the property he would not be bound by the adjudication in the attachment proceeding, while in a pure proceeding *in rem* every one is bound by the adjudication. It will thus be seen that the effect of such a judgment is not as broad as a judgment in a proceeding purely *in rem*. *Cooper* v. *Reynolds*, 10 Wall. 308; Biglow on Estoppel, p. 330. But what is the effect of such a judgment upon the parties to the proceedings? It is for no other purpose, and has no other effect than to reach the property which a non resident defendant may have in the state, where there is no personal service of process. It is confined exclusively to such property, and is of no further force when that is exhausted. It is evidence of nothing beyond this, and does not bind or conclude the defendant as to anything else. A suit could not be maintained on it in any other court in the same state or elsewhere, nor would the plaintiff in such a proceeding in whose favor the judgment was rendered be precluded from bringing another action on the original consideration for such balance as may be due after exhausting the property attached. To hold that a judgment thus rendered has any vitality after exhausting the only thing conferring the jurisdiction is violative of a principle inheritent in our government which constitutes an inflexible rule of the common law, and that is that no one can be condemned unheard. It cannot be disputed that whatever interest the Pennsylvania Sales Corporation had in the property attached passed by the judgment and sale thereunder, but after exhausting that subject-matter the judgment is of no force or effect, and can afford no advantage to either party as an adjudication of any other matter. 7 Robinson's Practice, p. 51; *Stone* v. *Myers*, 9 Minn. 303.

But the plaintiff argues that even though the judgment relied upon be treated as one rendered upon default after service of process, it would not be a bar to this suit for two reasons: first, that this suit is brought by an assignee of the defendant in the former suit, and it does not appear whether

the rights of the plaintiff here was acquired before or after the institution of the former suit, is being contended that if such rights were acquired under the assignment before such suit was brought the same could have no effect upon the plaintiff in this suit; and second, that the subject-matter of this suit was neither involved nor litigated in the former suit.

It is well settled that a judgment is conclusive, not only upon the parties to the litigation, but also upon all persons who are in privity with them. Privity is said to be a mutual or successive relationship to the same rights of property, and if it is sought to bind one as privy by an adjudication against his predecessor in title, it must appear that at the time he acquired the right, or succeeded to the title, it was then affected by the adjudication, for if the right was asquired by him before the adjudication then the doctrine cannot apply. Black on Judgments, § 549; Freeman on Judgments, § 162; *United States* v. *Louisville,* 169 U. S. 249; *Bensimer* v. *Fell,* 35 W. Va. 15; 29 Am. St. Rep. 774; *Maxwell* v. *Leeson,* 50 W. Va. 361; *Hudkins* v. *Crim,* 72 W. Va. 418; *Steel* v. *Long,* 104 Iowa, 39. It will therefore be seen that it was necessary, not only to show that the plaintiff in this suit was the assignee of the defendant in the other suit, but that it became such assignee after the institution of such former suit. This does not appear from the proof submitted, and for that reason the court erred in his findings upon the plea of *res judicata.*

Nor can it be said, we think, that the matters involved in this suit were in any wise involved in the former proceeding which is set up as a bar to this action. The former litigation had no other object than the recovery of the one thousand dollars advanced by Thompson to the Sales Corporation as security for property delivered to him for sale. It did not involve in any wise amounts which he might owe to the Sales Corporation. It is true the Sales Corporation might have filed these amounts as offsets in that suit, and had this been done the same would have become involved, and the adjudication in that suit would have concluded the Sales Corporation as to the claim set up. But one who is sued upon a claim is, under no obligation to plead offsets thereto, or to set up some independent cause of action in defense thereof. Even after

he is served with process and allows a judgment to go against him by default, he is only concluded as to such matters as are defensive to the cause of action set up. He could not thereafter say, of course, that he did not owe the money for which suit was brought, but if he has a claim against the plaintiff in such suit he is not barred from setting it up in another and independent suit to recover the same. 23 Cyc, 1131, etc.; 15 R. C. L. p. 987; *Lawson* v. *Conaway*, 37 W. Va. 159; Vanfleet's Former Adjudiaction, § 217. We are therefore of the opinion that the court below was wrong in holding that the cause of action here was barred by the former proceeding, for the reason that it was in no wise involved in that proceeding, and there was no adjudication there affecting the cause of action relied upon in this suit.

As before stated, the defendant in this suit pleaded the general issue of non assumpsit, as well as the special defense of *res judicata.* The issues upon these pleas should have been tried together. It is apparent, however, that the trial in the circuit court was only of the issue made upon the special plea of *res judicata.* Neither party objected to the suit proceeding in this way. In fact, it is apparent that it so proceeded with the consent and the desire of both parties.

Finding that the conclusions of the court below are wrong upon this issue, we will set aside the judgment rendered thereon and reverse the court's findings, but inasmuch as the issue joined upon the plea of non assumpsit has never been tried we will not render judgment here in favor of either of the parties, but will remand the cause to the circuit court for a trial upon that issue.

*Reversed and remanded.*