G. A. CATER *v*. L. C. TAYLOR *et al.*

(CC 584)

Submitted March 23, 1938.   Decided April 9, 1938.

*Mahan, Bacon & White,* for plaintiff.

*Love & Love,* for defendants.

HATCHER, JUDGE:

An automobile owned by L. C. Taylor and driven by his son collided with one driven by Mrs. Louie Cater. who was accompanied by her husband.   L. C. sued Louie for damages done to the Taylor car by the collision, and recovered a small default judgment which was paid. The car driven by Mrs. Cater belonged to her husband's brother, G. A. Cater, who now sues the Taylors for damages done to the Cater car in the collision.   They plead the judgment of L. C. against Louie, as *res judicata*. The circuit court overruled the demurrer to the plea, and certified here its sufficiency.

In addition to the judgment, the plea alleged that G. A.

94

and Louie lived together and were in business together; that G. A. was fully informed of the action of L. C. against Louie, and of the judgment taken therein; and that G. A. and L. C. had automobile accident liability insurance policies in the same insurance company. The position of counsel supporting the plea, as stated in their brief is this: "The doctrine of *res judicata* is not limited to those persons who may have been parties to a previous suit in reference to the same matter which is in controversy in the second suit, but the doctrine applies to the privies as well as to the parties. The record (the plea) shows that there was privity in blood, privity in business, and privity by reason of the contract between Louie Cater and G. A. Cater and Standard Accident Insurance Company of Detroit."

Privity, in a legal sense, ordinarily denotes "mutual or successive relationship to the same rights of property." *Gerber* v. *Thompson*, 84 W. Va. 721, 727, 100 S. E. 733. Accord: 50 C. J., Privity, section 1. Since Louie did not own the automobile his wife was driving, and is not shown having a right to sue for damages thereto, it cannot be said that any *mutual or successive relationship* to that right ever existed between him and G. A.

Therefore, the doctrine of *res judicata* is not applicable, and the ruling of the circuit court on the demurrer to the plea is reversed.

*Ruling reversed.*