395 S.E.2d 220 (1990)
STATE of West Virginia ex rel. DIVISION OF HUMAN SERVICES, by MARY C.M., Individually and as its Assignee
v.
BENJAMIN P.B.
No. 19492.
Supreme Court of Appeals of West Virginia.
June 28, 1990.
*221 W.T. Weber, Jr., Weston, for Benjamin P.B.
Bryan Frantz Greene, West Virginia Div. of Human Services, Child Advocate Bureau, Clarksburg, for Division of Human Services.
*222 McHUGH, Justice:
This is an appeal by the appellant, Benjamin P.B.,[1] of a final order of the Circuit Court of Lewis County entered on November 7, 1989, which rejected the family law master's recommendation to dismiss this paternity action on the grounds of res judicata. We conclude that this case must be remanded for further proceedings, as set forth herein.

I
The facts in this case are basically the procedural history. The appellee, Mary C.M., caused a warrant to issue against the appellant on May 31, 1978, charging him as the natural father of Breezy R.M., a female child born on March 14, 1978. The circuit court, in response to a motion filed by the appellant, entered an order on June 19, 1978, directing the appellee, the appellant, and the child to submit to one or more blood grouping tests. However, before the blood testing was performed, the appellee filed a motion requesting that the circuit court withdraw the warrant and dismiss the action. By order entered on August 30, 1978, the circuit court withdrew the warrant and dismissed the case with prejudice.
On August 3, 1989, the West Virginia Division of Human Services, on behalf of the appellee,[2] filed the present paternity suit to obtain child support. The appellant filed an answer to the complaint asserting that the dismissal of the first paternity action with prejudice indicated an adjudication on the merits, and operated as res judicata, precluding subsequent litigation of the same cause of action.[3]
On August 28, 1989, the appellant filed a motion to dismiss this action. A hearing on this motion was held on October 2, 1989, before the family law master. In a report dated October 23, 1989, the family law master recommended that this action be dismissed.
On November 1, 1989, the appellee filed a petition for review of the family law master's report and recommendation. By order entered on November 7, 1989, the circuit court rejected the family law master's recommendation, and remanded this case to the family law master for further proceedings consistent with the holding of this Court in Shelby J.S. v. George L.H., ___ W.Va. ___, 381 S.E.2d 269 (1989).[4]

*223 II
On appeal, the appellant contends that this paternity action should be dismissed on the grounds of res judicata because the dismissal of the first paternity action with prejudice is an adjudication on the merits. The appellee maintains that despite the inclusion of the words "with prejudice" in the dismissal order of the initial paternity action, the clear intent of the appellee was for the dismissal to be without prejudice, and that there has not been an adjudication upon the merits because the parties have not had an opportunity to present testimony and evidence.[5]
We defined res judicata in syllabus point 1 of In re Estate of McIntosh, 144 W.Va. 583, 109 S.E.2d 153 (1959):
`An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being res judicata.' Point 1, Syllabus, Sayre's Adm'r v. Harpold et al., 33 W.Va. 553 [11 S.E. 16 (1890)].
(emphasis in original) Accord, syllabus point 1, Conley v. Spillers, ___ W.Va. ___, 301 S.E.2d 216 (1983).
A person seeking to assert the defense of res judicata must establish the four conditions stated by this Court in syllabus point 1 of Pearson v. Dodd, 159 W.Va. 254, 221 S.E.2d 171 (1975), appeal dismissed, 429 U.S. 396, 97 S.Ct. 581, 50 L.Ed.2d 574 (1977), overruled on another point, syl. pt. 3, Lilly v. Duke, ___ W.Va. ___, 376 S.E.2d 122 (1988):
`To justify the application of the doctrine of res judicata, "... there must be a concurrence of four conditions, namely: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons, and of parties to the action; (4) identity of the quality in the person for or against whom the claim is made." Opinion. Marguerite Coal Co. v. Meadow River Lumber Co., 98 W.Va. 698[, 127 S.E. 644 (1925)].' Syllabus, Hannah v. Beasley, 132 W.Va. 814, 53 S.E.2d 729 (1949).
Furthermore, res judicata operates only against parties and privies to the former action as we stated in syllabus point 1 of Gentry v. Farruggia, 132 W.Va. 809, 53 S.E.2d 741 (1949): "Where the principle of res judicata is invoked[,] in order for it to apply it must appear either that the parties in the present case are identical with those in the former litigation or that their privity with them was such as to give them a common interest in the outcome thereof." We defined the meaning of the word "privity" in the syllabus of Cater v. Taylor, 120 W.Va. 93, 196 S.E. 558 (1938): "Privity, in a legal sense, ordinarily denotes `mutual or successive relationship to the same rights of property.' [Edward F.] Gerber [Co.] v. *224 Thompson, 84 W.Va. 721, 727, 100 S.E. 733, [735,] 7 A.L.R. 730[, 734 (1919)]."
Although the appellee relies primarily on the argument that the second paternity action was not barred under the doctrine of res judicata because the initial action was not adjudicated on the merits, we believe that the controlling issue is whether the mother and child were in privity with each other, for purposes of the previous action, so that the child would be bound by a judgment against the mother. Most courts which have addressed this question have reached the conclusion that the parent-child relationship does not establish privity, and, therefore, a child who is not a party to a paternity action is not bound in a later paternity action by the prior judgment against the parent. See, e.g., Ex parte Snow, 508 So.2d 266, 267-68 (Ala.1987) (child was not substantially identical party as mother and was not in privity with mother since child had different interests in establishing existence of paternity); Department of Health & Rehabilitative Services ex rel. Ward v. Wyatt, 475 So.2d 1332, 1333-34 (Fla.Dist.Ct.App.1985) (child, who was not a party to the first action, was not barred by res judicata because parent and child are not in privity); Maller v. Cohen, 176 Ill.App.3d 987, 989-91, 126 Ill. Dec. 402, 403-05, 531 N.E.2d 1029, 1030-32 (1988) (mother and child were not in privity in prior suit and thus dismissal of mother's paternity action did not have res judicata effect on child's current suit); In re M.D.H., 437 N.E.2d 119, 130 (Ind.Ct.App. 1982) (res judicata was inapplicable to paternity support petition by child, since earlier action to establish paternity was not filed by or in the name of the child, but solely in the name of the county welfare department upon assignment of rights by the child's mother); Arsenault v. Carrier, 390 A.2d 1048, 1051 (Me.1978) (child not party to prior action so as to be bound by settlement agreement nor was child in privity with mother in former action); syl. pt. 2, Johnson v. Hunter, 447 N.W.2d 871 (Minn.1989) (child is not precluded, by reason of the earlier dismissal with prejudice of the paternity action brought by her mother and the state, from bringing a paternity action against the putative father); Johnson v. Norman, 66 Ohio St.2d 186, 190-91, 421 N.E.2d 124, 127 (1981) (child and mother not in privity so that dismissal with prejudice of mother's action in no way affected the child's separate action); Commonwealth Department of Social Services ex rel. Gray v. Johnson, 7 Va.App. 614, 617-20, 376 S.E.2d 787, 790-93 (1989) (parent-child relationship does not establish privity and, therefore, child is not bound by judgments against mother); State ex rel. Dean v. Dean, 56 Wash.App. 377, 378-79, 783 P.2d 1099, 1100-01 (1989) (children were not in privity with mother for purposes of previous action in that there was no evidence that the children held mutual and successive rights to property with the mother).
In Johnson v. Hunter, 447 N.W.2d 871 (Minn.1989), the Supreme Court of Minnesota addressed the issue of whether a child would be precluded under res judicata from bringing a paternity action against the alleged father, because of an earlier dismissal with prejudice of a paternity action brought by her mother. That court recognized that a child's interest in a paternity action differs from the interest of the mother and the state. The court explained that "[u]nlike the state's interests, there may be psychological and emotional benefits to the child from an accurate establishment of paternity." Id. at 875. The court further recognized that depriving a child "of the basic right to establish parental relations arguably would not comport with the constitutional protection granted illegitimate children." Id. at 876.
Furthermore, in Commonwealth Department of Social Services ex rel. Gray v. Johnson, 7 Va.App. 614, 376 S.E.2d 787 (1989), the Virginia Court of Appeals also recognized the distinction between the rights and interests of the mother and the child. The Virginia court reasoned:
An actual distinction rests in the right to child support. It is well settled that both parents owe a duty of support to their child. Where a child is born out of wedlock, the mother has an obvious interest in an adjudication of paternity and *225 the consequent judgment for child support from the father to share her duty of support. However, the duty of support of all children is owed to the child, not the mother. The amount of the support is based primarily on the needs of the child and the ability of the father to provide, not the needs of the mother. Thus, the mother does not have the same legal right of the child in seeking child support; rather, the right is solely that of the child.
Id. at 618, 376 S.E.2d at 791. The Virginia Court of Appeals further observed that a child who is not made a party to a paternity action "has no control over the litigation," and that the child may be deprived of his or her fundamental due process right to be heard if his or her interests are not adequately represented. Id. at 618, 376 S.E.2d at 791.
In the case now before us, the mother initiated the first paternity action against the putative father in 1978. At that time, Breezy R.M. was approximately two and one-half months old. There is nothing in the record which indicates that the child was a party to the proceeding nor is there any indication that the child was represented by either counsel or a guardian ad litem. Furthermore, there is a clear distinction between the interests of the appellee and the child in this proceeding since the right to an adjudication of parentage and to support is primarily that of the child. The mother and child were not in privity in the original action. Thus, we conclude that the dismissal with prejudice of a paternity action initiated by a mother against a putative father of a child does not preclude the child, under the principle of res judicata, from bringing a second action to determine paternity when the evidence does not show privity between the mother and the child in the original action nor does the evidence indicate that the child was either a party to the original action or represented by counsel or guardian ad litem in that action.
Accordingly, we conclude that the trial court correctly recognized that res judicata would not bar an action seeking to establish paternity. However, because the trial court did not have available to it the principles this Court sets forth herein, we remand this case for further proceedings consistent with this opinion, including the amendment of the complaint by substituting the child's name, Breezy R.M., in lieu of the mother's name.
Remanded.
NOTES
[1] We follow our traditional practice in domestic relations and other cases which involve sensitive facts, and do not use the last names of the parties. See, e.g., Shelby J.S. v. George L.H., ___ W.Va. ___, ___ n. 1, 381 S.E.2d 269, 270 n. 1 (1989); Nancy Viola R. v. Randolph W., ___ W.Va. ___, ___ n. 1, 356 S.E.2d 464, 465 n. 1 (1987); West Virginia Department of Human Services v. La Rea Ann C.L., ___ W.Va. ___, 332 S.E.2d 632 (1985).
[2] Pursuant to W.Va.Code, 9-3-4 [1979], the appellee assigned unto the West Virginia Division of Human Services all right, title and interest she may have to support from the appellant on behalf of her daughter in exchange for payment of benefits under the Aid to Families with Dependent Children program.
[3] Courts have recognized that a dismissal "with prejudice" under Rule 41(a) is an adjudication on the merits. See, e.g., Torres v. Kennecott Copper Corp., 15 Ariz.App. 272, 274, 488 P.2d 477, 479 (1971); Barnes v. McGee, 21 N.C.App. 287, 289, 204 S.E.2d 203, 205 (1974); Tower City Properties v. Cuyahoga County Board of Revision, 49 Ohio St.3d 67, 69, 551 N.E.2d 122, 124 (1990). See also 9 C. Wright & A. Miller, Federal Practice and Procedure § 2367, at 185-86 (1971 & Supp.1990); 46 Am.Jur.2d Judgments § 482 (1969).
[4] In Shelby, the mother instituted a paternity action on September 10, 1976, and then agreed to withdraw the suit pursuant to an ex parte agreement. The case was subsequently dismissed by an agreed order dated July 21, 1977. The mother then filed a second paternity suit on May 9, 1985, to obtain child support. We found that the ex parte agreement recited no consideration, which would suggest that it was a compromise settlement, and that the order of the circuit court was equally vague because it failed to state the reasons for the agreed dismissal. We further noted that the dismissal was without prejudice.

Recognizing the state's interest in seeing that natural fathers support their children and that res judicata does not arise until there is a judgment on the merits, we stated in syllabus point 1 of Shelby: "Most courts dealing with paternity statutes have construed them favorably toward the mother and her child with regard to a res judicata claim where there was no actual decision made on the merits in the prior proceeding." Thus, we concluded that the dismissal of the prior paternity suit pursuant to the ex parte agreement by the mother did not bar the second suit.
[5] It appears from the record that the appellee's motion to dismiss was voluntary, and the circuit court's order granting the dismissal is vague as to the reasons for the dismissal with prejudice.

Rule 41(a)(2) provides, in relevant part:
[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
Under Rule 41(a)(2), the determination of a motion for voluntary dismissal is within the sound discretion of the trial court. However, courts have recognized that a plaintiff's motion to dismiss voluntarily without prejudice should be granted unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. See, e.g., Rose v. Rose, 526 N.E.2d 231, 234 (Ind.App.1988); Smith v. H.C. Bailey Cos., 477 So.2d 224, 230 (Miss.1985), as modified on denial of reh'g; Petritz v. Albertsons, Inc., 187 Mont. 102, 105, 608 P.2d 1089, 1092 (1980); syl. pt. 5, Douthitt v. Garrison, 3 Ohio App.3d 254, 444 N.E.2d 1068 (1981). See also 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice § 41.05[1], at 41-62 (2d ed. 1988); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165 (1971 & Supp.1990).