420 S.E.2d 298

Gregory WAGNER, M.D., Member of the West Virginia Regional Jail and Prison Standards Commission, and Chairperson of the Facilities Review Panel, on Behalf of the Panel: Gregory Wagner, Daniel F. Hedges, Irene Berger, Jane Moran and Franklin D. Cleckley, Petitioner,

v.

Billy BURKE, Director, West Virginia Regional Jail and Correctional Facility Authority, and Jack Alsop, Chairperson, West Virginia Regional Jail and Correctional Facility Authority, Respondents.

No. 21018.

Supreme Court of Appeals of West Virginia.

Submitted May 5, 1992.

Decided July 23, 1992.

Mary Downey, Director/Legal Counsel, Facilities Review Panel, Charleston, for petitioner.

Silas B. Taylor, Sr. Deputy Atty. Gen., Richard M. Gutmann, Asst. Atty. Gen., Charleston, for respondents.

PER CURIAM:

Petitioner, Gregory Wagner, M.D., brings this petition seeking a writ of mandamus pursuant to this Court's original jurisdiction[1] on behalf of the Facility Review Panel.[2] Petitioner seeks to compel respondents Billy Burke as Director of the Regional Jail and Correctional Facility Authority and Jack Alsop as the Chairperson of the West Virginia Regional Jail and Correctional Facility Authority to revise the architectural plans for the South Central Regional Jail ("jail"). The specific revisions sought by petitioner are the creation of an outdoor exercise space measuring sixty feet by eighty feet with adequate space and equipment to permit outdoor sports activities and the elimination of double celling in the architectural design for jail cells measuring approximately seventy feet. Having fully reviewed this matter, we determine that sufficient grounds do not exist for the issuance of a writ of mandamus at this time. Accordingly, the writ of mandamus is denied.

The only regional jail at issue here is the one which is to be built in Kanawha County, West Virginia. Petitioner asserts that the architectural plans for the jail violate state regulations pertaining to construction, operation, and maintenance of jails. The regulations at issue were drafted by the West Virginia Jail and Prison Standards Commission pursuant to West Virginia Code § 31-20-9 (Supp.1992) and became effective on April 5, 1988. *See* 7 W.Va. C.S.R. § 95-1-1 to -24.61 (Legislative Rules, Jail and Prison Standards Commission, Series 1, West Virginia Minimum Standards for Construction, Operation, and Maintenance of Jails).

■ The legislative rules provide in 7 W.Va.C.S.R. § 95-1-8.19 for the inclusion of exercise areas in all jails. Specifically, that rule provides as follows:

> Exercise Areas. Space outside the cell or room shall be provided for inmate exercise. Indoor and outdoor exercise areas shall be secure and available to all inmates. Outdoor areas shall have adequate space and equipment to permit regular outdoor sports activities. For facilities with over one hundred (100) inmates, this area shall be increased in proportion to the inmate population and shall contain a variety of equipment. Indoor exercise programs may be conducted in a multi-purpose room or dayroom provided the space is available and the location is acceptable. Indoor space is an area in which lighting, temperature and ventilation is artificially controlled.

The legislative rule providing for exercise areas in jails contains no specifics regarding the dimensions of the areas required to permit such activities. Relying on two unrelated cases involving completely different entities[3] which culminated in the entry of consent decrees, petitioner asserts that the jail must have an outdoor exercise area of at least sixty feet by eighty feet.

Petitioner states in his petition that the outdoor recreation areas are only twenty-

---

1. *See* W.Va. Const. art. VIII, § 3 and W.Va.Code § 51-1-3 (1981).

2. *See* W.Va.Code § 49-5-16b (1992).

3. Petitioner places precedential reliance on two cases which involved separate entities and resulted in consent decrees. No res judicata effect can be placed on those consent decrees because the parties, issues, and relief sought are not identical. *See State ex rel. Div. of Human Servs. v. Benjamin, P.B.,* Syl.Pt. 2, 183 W.Va. 220, 395 S.E.2d 220 (1990). Furthermore, because a consent decree is not an adjudication by a court, it does not, by definition, permit the application of the doctrine of res judicata. *See id.* at syl. pt. 1.

eight feet by forty-two feet and that there are six separate recreation areas of this size. Respondents, however, state that in addition to the six recreation areas which are each twenty-eight feet by forty-two feet, there is a separate outdoor exercise area included in the design which will be 10,500 square feet in size. Respondents further note that there is an indoor gymnasium included in the design which is 99 feet by 65.33 feet or 6,467.67 square feet in size. Respondents explain that the indoor gymnasium will be used for various types of sports, including basketball, whereas the outdoor exercise areas will be used for such activities as weight lifting, handball, and volleyball.

■ The standard for issuance of a writ of mandamus is well-established: "A writ of mandamus will not issue unless three elements co-exist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syl.Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969). Based on respondents' representations that the architectural plans for the regional jail do include an outdoor recreational area which exceeds the size of the area sought by the petitioner, sufficient grounds do not exist for the issuance of a writ of mandamus.[4] *See id.* Respondents are directed, however, to permit petitioner's counsel to examine the architectural plans pertaining to the jail for verification of the inclusion of an outdoor exercise area as represented.

■ Petitioner's second ground for seeking a writ of mandamus arises from the fact that brackets are currently being installed in the jail walls which would structurally enable double celling in the future. The regulations pertinent to this issue are subsections 8.7, 8.8, and 8.10 of the West Virginia Code of State Rules § 95-1-8. Those regulations provide as follows:

8.7 Single occupancy. Only one inmate shall occupy a cell or detention room designed for single occupancy.

8.8 Floor space. All single rooms or cells in detention facilities shall have at least seventy (70) square feet of floor space.

8.10 Multiple occupancy. Where used, multiple occupancy rooms shall house no less than four (4) and no more than fifty (50) inmates each. Inmates shall be screened prior to admission for suitability to group living. Multiple occupancy rooms shall provide for: ... (b) A minimum floor area of fifty (50) square feet per occupant in the sleeping area and a clear floor to ceiling height of not less than not' less than eight (8) feet;

. . . .

The cells at issue which are currently being equipped with brackets which could enable double celling measure approximately seventy square feet. Accordingly, the applicable regulations now in force prohibit double celling in cells of such size. We can find no violation of the regulations, however, by the mere installation of brackets which would enable double celling. In fact, the installation of such brackets during the construction phase is obviously a prudent step should the regulations controlling jails be amended to permit double celling. While we do not find a violation to have occurred through the installation of brackets, respondents are nonetheless placed on notice to comply with all orders and regulations which prohibit double celling.

Based on the foregoing opinion, the writ of mandamus sought by petitioner is hereby denied.

Writ denied.

---

**4.** By this ruling, we do not infer in any fashion that the optimum size of an outdoor recreational area for a jail is 60 feet by 80 feet. Our decision merely reflects that the relief sought is apparently already in place in the current architectural plans and therefore, this aspect of the petition is moot.