436 S.E.2d 627

STATE of West Virginia ex rel. DIVISION OF HUMAN SERVICES, on Behalf of BREEZY R.M., Who Sues by Her Next Friend, MARY C.M., Plaintiff Below, Appellant,

v.

BENJAMIN P.B., Defendant Below, Appellee.

No. 21605.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 21, 1993.

Decided Oct. 18, 1993.

Sallie H. Tweel, Child Advocate Office, Charleston, for appellant.

W.T. Weber, Jr., Weston, for appellee.

BROTHERTON, Justice:

This petition for appeal evolves from an order entered by the Circuit Court of Lewis County, West Virginia, on August 5, 1992. On that date, the court entered the recommended order of paternity, which dismissed with prejudice the paternity action filed by Breezy R.M., by her next friend, Mary C.M., and the Child Advocate Office, because the blood test results excluded the defendant, Benjamin P.B., as the biological father of the infant child, Breezy. The order also adopted the family law master's recommended order regarding attorney fees and costs. The family law master's recommended order stated that the defendant, Benjamin P.B., should recover from the plaintiffs, Mary C.M. and the Child Advocate Office, the sum of $3,500.00 in attorney fees, together with interest thereon and the costs of the action. This is the Child Advocate Office's and Mary C.M.'s appeal from the August 5, 1992, order of the Circuit Court of Lewis County, which adopted the family law master's recommendation.

On March 14, 1978, Breezy R.M. was born. On May 31, 1978, Mary C.M. caused a warrant to issue against the defendant, naming him as the natural father of Breezy R.M. On June 19, 1978, the circuit court entered an order directing all three parties to submit to blood typing tests. Before the tests were performed, the mother, Mary C.M., moved the circuit court to withdraw the warrant and dismiss the action. On August 30, 1978, the circuit court entered an order withdrawing the warrant and dismissing the case with prejudice.

Thereafter, on January 29, 1989, the plaintiff completed and executed a paternity questionnaire regarding Breezy and submitted the questionnaire to the Child Advocate Office. Mary C.M. indicated that she believed the defendant was the father of Breezy. Mary C.M. stated that she first learned she was pregnant in November, 1977, when she was still dating the defendant. She also stated that the defendant suggested she have an abortion. Breezy was born on March 14, 1978. In answer to the question as to whether anyone else could be the father, she responded "No." Finally, she reported that Benjamin P.B. had come to see Breezy twice when she was small.

On August 3, 1989, the Child Advocate Office of the West Virginia Department of Human Services and Mary C.M. filed a complaint to establish paternity and child support for Breezy. The defendant filed an

answer asserting that because the first paternity action was dismissed with prejudice, subsequent litigation was precluded due to res judicata.

On October 23, 1989, the family law master recommended that the complaint be dismissed. On November 1, 1989, the Child Advocate Office filed a petition for review of the family law master's report and recommendation. On November 7, 1989, the Circuit Court of Lewis County reversed the family law master's decision and remanded the case to the family law master for further proceedings consistent with *Shelby J.S. v. George L.H.*, 181 W.Va. 154, 381 S.E.2d 269 (1989).

■ The defendant appealed the circuit court ruling to this Court. In *State ex rel. Division of Human Services v. Benjamin P.B.*, 183 W.Va. 220, 225, 395 S.E.2d 220, 225 (1990), we affirmed the Circuit of Lewis County:

> [T]he dismissal with prejudice of a paternity action initiated by a mother against a putative father of a child does not preclude the child, under the principle of *res judicata*, from bringing a second action to determine paternity when the evidence does not show privity between the mother and the child in the original action nor does the evidence indicate that the child was either a party to the original action or represented by counsel or guardian ad litem in that action.

*Id.* at syl. pt. 5. The Court then concluded that:

> [T]he trial court correctly recognized that *res judicata* would not bar an action seeking to establish paternity. However, because the trial court did not have available to it the principles this Court sets forth herein, we remand this case for further proceedings consistent with this opinion, including the amendment of the complaint by substituting the child's name, Breezy R.M., in lieu of the mother's name.

*Id.* at 225, 395 S.E.2d at 225.

Upon remand, the Child Advocate Office filed a motion for leave to file an amended complaint and included a copy of that complaint. On February 5, 1991, the circuit court amended the style of the case to include Breezy R.M. as the plaintiff, suing by her next friend, Mary C.M. The circuit court also ordered the plaintiff, Mary C.M., Breezy, and the defendant to submit to blood testing to determine if the defendant was Breezy's biological father.

On April 11, 1991, the Child Advocate Office filed a notice of the blood test results and notified all parties that the Child Advocate Office would move for dismissal because the blood test results excluded the defendant as the father. On April 16, 1991, the defendant filed a motion for dismissal of the action with prejudice and for attorney fees and expenses.

On July 20, 1991, the family law master recommended that the paternity order be dismissed with prejudice. No exceptions were filed to this, and the order was entered on August 5, 1992. In the second order, the family law master recommended that Mary C.M. and the State of West Virginia pay $3,500 to defendant for attorney fees and costs. The Circuit Court of Lewis County agreed and stated that both the State, "by reason of the first dismissal and the denial of ... [the defendant] of paternity had a special or extra duty to investigate fully whether or not the second action should have been instituted and maintained against the defendant...."

On July 30, 1992, the Child Advocate Office objected to the decision regarding attorney fees and argued that the family law master's finding of a special or extra duty was vague and unsupported by statutory or case law. They noted that the plaintiff maintained in good faith for twelve years that Benjamin P.B. was Breezy's father and that the plaintiff provided the Child Advocate Office with an affidavit attesting to that good faith belief. The Child Advocate Office also noted that it has a limited budget and employs no investigators. Thus, it was unable to fulfill the "special or extra duty" to investigate found by the family law master.

However, on August 5, 1992, the Circuit Court of Lewis County entered an order

adopting the recommended order regarding attorney fees and costs. On August 25, 1992, the Child Advocate Office filed a motion for a stay of the August 5, 1992, order. The circuit court granted the motion and an order was entered on August 26, 1992. This case involves the appeal of Mary C.M. and, primarily, the Child Advocate Office from those final orders.

The Child Advocate Office of the Department of Human Services contends that the circuit court erred in ordering the payment of attorney fees and costs to the defendant because there is no statute or case law which would permit such a ruling. We agree and, for the reasons stated below, reverse the August 5, 1992, order of the Circuit Court of Lewis County.

■ With certain exceptions, West Virginia has adopted the American rule, which provides that "each litigant bears his or her own attorney fees absent express statutory, regulatory, or contractual authority for reimbursement." *Daily Gazette Co. v. Canady,* 175 W.Va. 249, 250, 332 S.E.2d 262, 263 (1985).[1] However, in *Daily Gazette,* we permitted the recovery of attorney fees by a prevailing party if certain criteria are met:

A court may order payment by an attorney to a prevailing party reasonable attorney fees and costs incurred as the result of his or her vexatious, wanton or oppressive assertion of a claim or defense that cannot be supported by a good faith argument for the application, extension, modification, or reversal of existing law.

*Id.* at syllabus. West Virginia has held that a plaintiff who applies for support may recover reasonable attorney fees at the discretion of the trial court.[2] *Kathy L.B. v. Patrick J.B.,* 179 W.Va. 655, 662, 371 S.E.2d 583, 590 (1988); W.Va.Code § 48A–5–1 (1993). However, no statutory authority exists which would permit the recovery of attorney fees in

a paternity action. W.Va.Code § 48A–6–1 *et seq.* (1993).

■ The defendant counters that because the Child Advocate Office acted oppressively by pursuing the second paternity claim after the first one had been dismissed with prejudice, he was entitled to recover his attorney fees. We disagree. Filing a second paternity claim is not *per se* oppressive where the issue of paternity was never fully resolved. As noted in *State ex rel. Division Human Services v. Benjamin P.B.,* if privity does not exist between the child and the putative father, the child is not bound in the later paternity action by the prior judgment against the parent. 183 W.Va. at 224, 395 S.E.2d at 224. While the defendant obviously believes that the dismissal with prejudice should have conclusively determined that he was not the father, there is no way to know why or how the plaintiff agreed to dismiss the 1978 case. Because the 1978 action was dismissed prior to the blood testing, the defendant remained a viable candidate. However, if blood tests had been performed in 1978 which showed the defendant could not be the father, the defendant would have a better chance of proving the Child Advocate Office's actions were oppressive. But that situation does not exist in this case.

■ The Child Advocate Office has a duty to assist parents and children in determining paternity and establishing support from the absent parent. W.Va.Code § 48A–2–2(b) (1993). The Child Advocate Office is not an investigative body and requires only a good faith belief that the petition for paternity or support is based on accurate information. Given the history in this case, it was not unreasonable for the Child Advocate Office to proceed with Mary C.M.'s petition to establish paternity and support from Benjamin P.B.

---

**1.** *See Hayseeds, Inc. v. State Farm Fire & Cas. Co.,* 177 W.Va. 323, 352 S.E.2d 73 (1986), for an example of when attorney fees may be awarded to a prevailing party.

**2.** *See also Kinney v. Kinney,* 172 W.Va. 284, 304 S.E.2d 870 (1983), in which the Court reiterated the right to recovery of attorney fees in an ordinary support case.

Accordingly, we reverse the August 5, 1992, order of the Circuit Court of Lewis County and rule that the defendant in the paternity action was not entitled to the recovery of his attorney fees and costs.

Reversed.