FILED
**June 24, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Timothy Hall,**
**Petitioner Below, Petitioner**

**v.)  No. 24-146** (22-ICA-200)

**Phillis Gail Ensor,[1] Thomas Beach III,**
**Scott Ford, Edward Turnbow,**
**Larry Munday, Dena Bonebrake, and**
**Justin Schooley,**
**Respondents Below, Respondents**

## MEMORANDUM DECISION

Petitioner, Dr. Timothy Hall, appeals the December 15, 2023, memorandum decision of the Intermediate Court of Appeals ("ICA"). The ICA affirmed the Circuit Court of Berkeley County's August 30, 2022, "Final Order of Dismissal With Prejudice," which granted Dr. Hall's motion to dismiss, and the circuit court's September 28, 2022, "Order Denying Motion to Amend," which affirmed the dismissal with prejudice, against the respondents, Phillis Gail Ensor,[1] Thomas Beach III, Scott Ford, Edward Turnbow, Larry Munday, Dena Bonebrake, and Justin Schooley.[2] *See Hall v. Ensor*, No. 22-ICA-200, 2023 WL 8680714 (W. Va. Ct. App. Dec. 15, 2023) (memorandum decision). Dr. Hall argues that dismissal with prejudice in favor of the respondents was improperly granted. Upon our review, we determine that oral argument is unnecessary and that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for issuance of a memorandum decision. For the reasons set forth below, we reverse the ICA's memorandum decision as well as the circuit court's orders dismissing the underlying case with prejudice and denying the motion to amend the dismissal. We further remand this matter to the circuit court for entry of an order consistent with this decision.

---

[1] The record, at times, contains an alternative spelling of "Phyllis."

[2] Dr. Hall is self-represented. Scott Ford is represented by counsel Kenneth J. Barton, Jr. Dena Bonebrake is represented by counsel Alex A. Tsiatsos. Justin Schooley is represented by counsel Tracey B. Eberling. Additional respondents, Phillis Gail Ensor, Thomas Beach III, Edward Turnbow, and Larry Munday, did not participate in this appeal.

1

On January 7, 2022, Dr. Timothy Hall and his wife, Joy Hall,[3] filed a complaint and, shortly thereafter, an amended complaint, asserting various allegations against the respondents. Judge Bridget Cohee was assigned to the case. Ms. Ensor, Mr. Ford, and Ms. Bonebrake filed answers to the amended complaint and motions to dismiss. Mr. Schooley filed a motion to dismiss alleging failure to state a claim based on statutory immunity, and his motion was granted on June 22, 2022. The Halls did not appeal the order dismissing Mr. Schooley.[4] The Halls' counsel, Christian Riddell, filed a motion to withdraw as counsel on June 27, 2022.[5] Nevertheless, on June 28, 2022, Mr. Riddell filed a motion to stay discovery and extend the time for filing responses to the motions to dismiss.

On July 13, 2022, Judge Cohee issued an order notifying the parties of a potential conflict, stating that she was previously employed with Steptoe & Johnson PLLC, the firm representing Mr. Ford and Mr. Schooley. Judge Cohee gave the parties a deadline to request that she be disqualified. Acting as self-represented litigants, Dr. and Mrs. Hall filed a motion for disqualification, and by Administrative Order from this Court, the case was re-assigned to Judge R. Steven Redding.

The case proceeded, and the circuit court set a hearing for September 9, 2022, regarding the case status and all pending motions. Prior to the hearing occurring, on August 29, 2022, Dr. and Mrs. Hall filed a self-represented motion to dismiss in which they raised procedural issues, expressed concerns regarding Mr. Riddell's conduct, and requested that the action be dismissed without prejudice. On August 30, 2022, Mr. Ford filed a response to the Halls' motion to dismiss voicing no opposition. It appears from the record that no other respondent filed a response to the Halls' motion to dismiss. Also on August 30, 2022, the circuit court entered a "Final Order of Dismissal with Prejudice." In its order, the court gave no explanation as to why the case was dismissed with prejudice. On September 6, 2022, Dr. and Mrs. Hall filed a motion to amend the dismissal ("motion to amend"), requesting that the August 30, 2022, order be amended to dismiss the action without prejudice in order to provide them with the opportunity to re-file. The court issued a scheduling order directing Dr. and Mrs. Hall to file a memorandum of law in support of their motion to amend. However, Dr. and Mrs. Hall did not comply with the scheduling order. Ms. Bonebrake filed a response to the motion to amend. Mr. Ford filed a response to the motion to amend, alleging that the Halls' arguments lacked merit, but he did not make an argument in support of the courts' dismissal with prejudice.

---

[3] Joy Hall was a named plaintiff, along with Dr. Hall, in the underlying action. Mrs. Hall was not named and did not participate in the appeals before the ICA or this Court.

[4] Our decision to reverse and remand this matter has no bearing on the prior dismissal of Mr. Schooley.

[5] It appears from the record that counsel's motion to withdraw was not decided by the circuit court.

The circuit court treated the motion to amend as a motion to alter or amend judgment pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure (1998) and, by "Order Denying Motion to Amend," dated September 28, 2022, denied the motion. In denying the motion, the court found that it was within the court's discretion to determine how a case was dismissed, i.e., with or without prejudice, and specified that because the motion to dismiss was filed without a stipulation of the other parties, Rule 41(a)(2) of the West Virginia Rules of Civil Procedure (1998) applied:

> (a) Voluntary Dismissal; Effect Thereof.
>
> . . . .
>
> (2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The court affirmed its previous dismissal with prejudice and specified that "it was clear that the allegations" of Dr. and Mrs. Hall "were without merit" because Mr. Schooley had already been dismissed and additional motions to dismiss remained pending. The court also determined that, even if Dr. and Mrs. Hall sought and were permitted to amend their complaint again, it would be futile because no amendment would cure the basic error of an alleged lack of causes of action.

Dr. Hall appealed the September 28, 2022, order and the August 30, 2022, underlying order to the ICA, and the ICA affirmed the circuit court in a memorandum decision. *See Hall*, 2023 WL 8680714, at *6. The ICA concluded that, under the circumstances presented, the circuit court did not abuse its discretion in dismissing the case with prejudice and in denying the motion to amend. The ICA determined that Dr. Hall did not establish that the circuit court abused its discretion and did not adequately explain why the requested dismissal should be without prejudice. Further, the ICA observed that, rather than responding to the pending motions of the respondents, "it appear[ed] his intention was to avoid any adverse ruling." *Id.* at *6. Dr. Hall now appeals the ICA's memorandum decision.

Our standard of review is as follows: "[u]nder Rule 41(a)(2), the determination of a motion for voluntary dismissal is within the sound discretion of the trial court." *State ex rel. Div. of Hum. Servs. by Mary C.M. v. Benjamin P.B.*, 183 W. Va. 220, 223 n.5, 395 S.E.2d 220, 223 n.5 (1990).[6]

---

[6] This Court reviews appeals of ICA decisions by considering the relevant circuit court, family court, or administrative order under our well-settled standards of review. *See, e.g.*, Syl. Pt.

3

Only where we are left with a firm conviction that an error has been committed may we legitimately overturn a lower court's discretionary ruling.

> "Where the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed."

*Covington v. Smith*, 213 W. Va. 309, 322-23, 582 S.E.2d 756, 769-70 (2003) (citations omitted); *accord State v. King*, 240 W. Va. 373, 382, 813 S.E.2d 26, 35 (2018). The same standard applies to the motion to amend. "The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998).

Dr. Hall contends that the ICA erred in affirming the circuit court's dismissal with prejudice and denying his motion to amend based on: (1) filing errors and (2) "assumptions of non-merit case issues" and Dr. Hall's motives. In support of his argument, Dr. Hall maintains that the circuit court should have dismissed the case without prejudice to allow him and Mrs. Hall the opportunity and time to retain new counsel and re-file a subsequent case. Dr. Hall further contends that there has not been an adjudication on the merits and that the circuit court failed to recognize that the case lacked integrity due to the actions or inactions of the Halls' counsel and the potential conflict of the former trial court judge. Upon review, we agree with Dr. Hall that the circuit court abused its discretion when it dismissed with prejudice and denied his motion to amend thereby affirming dismissal with prejudice.

We have previously observed that while

---

3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024) (on appeal from the ICA, reviewing a decision of the West Virginia Workers' Compensation Board of Review under the statutory standards in West Virginia Code § 23-5-12a(b) (eff. Jan. 13, 2022)); Syl. Pt. 3, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024) (on appeal from the ICA, reviewing family court order for clear error and abuse of discretion); Syl. Pt. 1, *Folse v. Rollyson*, 251 W. Va. 566, 915 S.E.2d 344 (2025) (on appeal from the ICA, applying de novo review to circuit court order granting motion to dismiss); Syl. Pt. 1, *Moorhead v. W. Va. Army Nat'l Guard*, 251 W. Va. 600, 915 S.E.2d 378 (2025) (on appeal from the ICA, applying de novo review to circuit court's entry of summary judgment); Syl. Pt. 1, *In re D.K.*, 252 W. Va. 495, 923 S.E.2d 425 (2025) (on appeal from the ICA, applying abuse of discretion review to a circuit court order granting or denying expungement of criminal records).

the determination of a motion for voluntary dismissal is within the sound discretion of the trial court[,] . . . courts have recognized that a plaintiff's motion to dismiss voluntarily without prejudice should be granted unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.

*Benjamin P.B.*, 183 W. Va. at 223 n.5, 395 S.E.2d at 223 n.5 (citations omitted). In *Benjamin P.B.*, the motion to dismiss at issue was voluntary, and the order granting dismissal was "vague as to the reasons for the dismissal with prejudice." *Id*. Likewise, in this case, Dr. and Mrs. Hall voluntarily filed their motion to dismiss and, within the motion, explicitly requested dismissal without prejudice. The circuit court ignored the request of Dr. and Mrs. Hall and dismissed with prejudice. When the case was dismissed with prejudice, Dr. and Mrs. Hall filed their motion to amend and again requested dismissal without prejudice. The record suggests that no respondent opposed dismissal without prejudice, which is a consideration that appears to have been overlooked by the court. Additionally, the court did not find in its orders that any respondent may suffer "legal prejudice other than the mere prospect of a second lawsuit." *Id.* Accordingly, we conclude that the circuit court abused its discretion by dismissing the case with prejudice and affirming that decision in its September 28, 2022, order.

For the foregoing reasons, we reverse the ICA's December 15, 2023, memorandum decision affirming the circuit court's rulings as well as the circuit court's August 30, 2022, order dismissing the underlying case with prejudice and its September 28, 2022, order denying the motion to amend. We further remand this matter to the circuit court for entry of an order granting dismissal without prejudice.

Reversed and remanded.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan