428 S.E.2d 313

**CHRYSLER CREDIT CORPORATION,**
Plaintiff Below, Appellee,

v.

**James E. COPLEY and Cynthia
R. Copley, Defendants
Below, Appellants.**

No. 21235.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 19, 1993.

Decided Feb. 18, 1993.

Stephen L. Thompson, Cecil, Barth & Thompson, Charleston, for appellee.

Peggy L. Collins, Kopelman, Collins & Dodrill, Charleston, for appellants.

MILLER, Justice:

This appeal involves several procedural points in our "lemon law" statute, W.Va. Code, 46A–6A–1, *et seq.*, and our Consumer Credit Protection Act (CCPA), W.Va.Code, 46A–2–101, *et seq.* The first issue is the statute of limitations for bringing an action under our "lemon law." The second is whether a claim for a defective consumer product can be asserted under the CCPA as a defense to a suit to recover the purchase price of the product.

The appellants, James and Cynthia Copley, had purchased a car from the Chrysler Motor Corporation in 1985. The purchase was financed through Chrysler Credit Corporation. The Copleys claimed that the car was defective and ultimately ceased making payments in January of 1990. As a result of nonpayment, the Chrysler Credit Corporation sued the Copleys in March of 1991 in the Circuit Court of Kanawha County for the balance due. In April of 1991, the Copleys' attorney filed an answer raising several affirmative defenses,

among which was the defective nature of the automobile.

Two days later the Copleys filed a *pro se* motion to join Chrysler Motor Corporation as an additional party, asserting it had violated the "lemon law" when it sold them the vehicle. Ultimately, the circuit court dismissed the Copleys' claim against Chrysler under the "lemon law." It is this action which they appeal to this Court.

■ It was asserted in the circuit court that the Copleys' "lemon law" claim against Chrysler Motor Corporation was time barred. Under W.Va.Code, 46A–6A–4(d) (1984), the applicable time period for filing a civil action for a violation of the "lemon law" is "within one year of the expiration of the express warranty term."[1] We made this general statement in Syllabus Point 1 of *Adams v. Nissan Motor Corp.*, 182 W.Va. 234, 387 S.E.2d 288 (1989):

"The purpose behind the West Virginia lemon law statute is to place upon the manufacturer of motor vehicles 'the duty to meet their obligations and responsibilities under the terms of the express warranties extended to the consumers of this State.' W.Va.Code § 46A–6A–1(1) (1986)."

■ The basis for the circuit court's holding was that the statute of limitations had been found to bar the Copleys' earlier suit in Monongalia County against Chrysler Motor Corporation for its violation of our "lemon law." The final order of the Circuit Court of Monongalia County was filed in this case, and the Circuit Court of Kana-wha County concluded that the doctrine of *res judicata* applied. We agree since the criteria contained in Syllabus Point 1 of *State ex rel. Division of Human Services v. Benjamin P.B.*, 183 W.Va. 220, 395 S.E.2d 220 (1990), were met:

" ' "An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the *status* of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being *res judicata*." Point 1, Syllabus, *Sayre's Adm'r v. Harpold et al.*, 33 W.Va. 553 [11 S.E. 16 (1890) ].' Syl. pt. 1, *In re Estate of McIntosh*, 144 W.Va. 583, 109 S.E.2d 153 (1959) (emphasis in original)."

■ Even though the Copleys could not sue Chrysler Motor Corporation for a "lemon law" violation, they could, under the CCPA, assert such defects as a defense to the suit by Chrysler Credit Corporation as the assignee of the financing documents given by the Copleys to Chrysler Corporation. Under W.Va.Code, 46A–2–102(1) (1990), an assignee of a consumer credit sale "shall take and hold such instrument, contract or other writing subject to all claims and defenses of the buyer[.]"[2] Re-

---

1. W.Va.Code, 46A–6A–4(a), outlines the general contours of a "lemon law" suit:

"If the nonconformity results in substantial impairment to the use or market value of the new motor vehicle and the manufacturer has not replaced the new motor vehicle pursuant to the provisions of section three [§ 46A–6A–3] of this article, or if the nonconformity exists after a reasonable number of attempts to conform the new motor vehicle to the applicable express warranties, the consumer shall have a cause of action against the manufacturer in the circuit court of any county having venue."

Subsection (d) provides: "An action brought under this section by the consumer must be commenced within one year of the expiration of the express warranty term."

2. The relevant text of W.Va.Code, 46A–2–102(1) (1990), is:

"Notwithstanding any term or agreement to the contrary or the provisions of article two [§ 46–2–101 et seq.], chapter forty-six of this code or section two hundred six [§ 46–9–206], article nine of said chapter forty-six, an assignee of any such instrument, contract or other writing shall take and hold such instrument, contract or other writing subject to all claims and defenses of the buyer or lessee against the seller or lessor arising from that specific consumer credit sale or consumer lease of goods or services[.]"

cently, in *One Valley Bank of Oak Hill, Inc. v. Bolen,* 188 W.Va. 687, 425 S.E.2d 829 (1992), we summarized this point in Syllabus Point 1:

"When a note is created as a result of a consumer transaction, an assignee of such a note takes the note subject to all claims and defenses, regardless of whether the assignee is a holder in due course. *W.Va.Code* 46A–2–102 [1990]." [3]

■ Moreover, under W.Va.Code, 46A–2–102(3) (1990),[4] there are several procedural provisions which deal with the buyer's claims, defenses, or right of setoff under the CCPA when sued. The buyer can assert a claim of defective product as a defense to the assignee's suit to collect the balance owed. Ordinarily, this must be done as a defense or setoff to the assignee's claim. However, if the assignee does not institute suit, the buyer may do so to obtain cancellation of the debt. In Syllabus Point 3 of *One Valley Bank of Oak Hill, supra,* which dealt with the 1974 act, we made this general summary as to the consumer's measure of recovery:

"W.Va.Code, 46A–2–102(5) [1974], allows the consumer to recover an amount not to exceed the amount owing to the assignee at the time of such assignment. Its exception for an additional amount because of fraud is controlled by W.Va.

Code, 46A–5–101 (1974), and W.Va.Code, 46A–2–102(5) (1974)."

■ Finally, we note that W.Va.Code, 46A–5–102 (1974), a part of the CCPA, provides: "Rights granted by this chapter may be asserted as a defense, setoff or counterclaim to an action against a consumer without regard to any limitation of actions." Thus, where a consumer is sued for the balance due on a consumer transaction, any asserted defense, setoff, or counterclaim available under the CCPA may be asserted without regard to any limitation of actions under W.Va.Code, 46A–5–102 (1974). This waiver of the statute of limitations for a buyer when sued for the balance due in a consumer transaction is one of the unique features of the CCPA.

■ In this case, the Copleys had the right to assert the defective nature of the automobile as a setoff or a complete defense to the balance due on the financing papers held by Chrysler Credit Corporation. This asserted defense or setoff was specifically exempt from any statute of limitations once the Copleys were sued by Chrysler Credit Corporation.

Thus, it would appear that the circuit court was correct in holding that the Copleys' claim against Chrysler Motor Corporation was barred by the statute of limitations. However, the Copleys could assert

---

We have quoted the 1990 version of this section, but the 1974 provision contained language similar to the above-quoted language. *See* W.Va. Code, 46A–2–102(5) (1974). Consequently, we need not decide which statutory provision was applicable to this suit which was filed in 1991.

3. The term "note" used in *One Valley Bank of Oak Hill, Inc. v. Bolen, supra,* is used in a generic sense to include an instrument, contract, or other writing. W.Va.Code, 46A–2–101(5) (1974), precludes the taking of a "negotiable instrument other than a currently dated check." However, W.Va.Code, 46A–2–101 (1974), deals with the situation where a negotiable instrument is taken.

4. The entire text of W.Va.Code, 46A–2–102(3) (1990), is:

"A claim or defense which a buyer or lessee may assert against an assignee of such instrument, contract or other writing under the provisions of this section may be asserted only as a matter of defense to or setoff against

a claim by the assignee: Provided, That if a buyer or lessee shall have a claim or defense which could be asserted under the provisions of this section as a matter of defense to or setoff against a claim by the assignee were such assignee to assert such claim against the buyer or lessee, then such buyer or lessee shall have the right to institute and maintain an action or proceeding seeking to obtain the cancellation, in whole or in part, of the indebtedness evidenced by such instrument, contract or other writing or the release, in whole or in part, of any lien upon real or personal property securing the payment thereof: Provided, however, That any claim or defense founded in fraud, lack or failure of consideration or a violation of the provisions of this chapter as specified in section one hundred one, article five of this chapter, may be asserted by a buyer or lessee at any time, subject to the provisions of this code relating to limitation of actions."

This same provision was found in W.Va.Code, 46A–2–102(7) (1974).

the defective nature of the product as a defense or setoff against Chrysler Credit Corporation to defeat its claim for further payment on the debt owed.

The judgment of the Circuit Court of Kanawha County is, therefore, affirmed and this case is remanded for further proceedings consistent with this opinion.[5]

Affirmed and remanded.

---

[5] Although not raised by either party, the circuit court's order entered November 6, 1991, appears to have dismissed the entire case, as its last paragraph states: "It further appearing to the Court that nothing further remains to be determined in this action, the same is hereby ORDERED dismissed, and stricken from the trial docket of this Court." We assume that this language was inadvertent since the parties do not refer to it in their briefs. However, we leave this issue for resolution by the circuit court.