PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CATHY DELEBREAU; DAVID D.
DELEBREAU, individually and on
behalf of all others situated,

      *Plaintiffs-Appellants,*

v.

BAYVIEW LOAN SERVICING, LLC,

      *Defendant-Appellee.*

No. 11-1139

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Joseph R. Goodwin, Chief District Judge.
(6:09-cv-00245)

Argued: January 24, 2012

Decided: May 31, 2012

Before GREGORY and KEENAN, Circuit Judges, and
Liam O'GRADY, United States District Judge for the
Eastern District of Virginia, sitting by designation.

Affirmed by published opinion. Judge Keenan wrote the opinion, in which Judge Gregory and Judge O'Grady joined.

## COUNSEL

**ARGUED:** Jennifer S. Wagner, MOUNTAIN STATE JUSTICE, Charleston, West Virginia, for Appellants. John Curtis

Lynch, TROUTMAN SANDERS, LLP, Virginia Beach, Virginia, for Appellee. **ON BRIEF:** Bren J. Pomponio, MOUNTAIN STATE JUSTICE, Charleston, West Virginia, for Appellants. Jason E. Manning, TROUTMAN SANDERS, LLP, Virginia Beach, Virginia, for Appellee.

---

## OPINION

BARBARA MILANO KEENAN, Circuit Judge:

In this purported class action on behalf of borrowers holding home mortgage loans serviced by Bayview Loan Servicing, LLC (Bayview), Cathy and David Delebreau (the Delebreaus) claim that Bayview improperly added fees to borrowers' accounts in violation of the West Virginia Consumer Credit and Protection Act (the Consumer Credit Act), W. Va. Code §§ 46A-1-101 through 46A-8-102. Such claims brought under the Consumer Credit Act are subject to a one-year statute of limitations (the statute of limitations), which runs from the "due date of the last scheduled payment of the agreement" of the parties. W. Va. Code § 46A-5-101(1).

The sole issue before us is whether, under the statute of limitations, "the due date of the last scheduled payment of the agreement" was June 5, 2007, the loan acceleration date set by Bayview in accordance with the deed of trust declaring the entire loan amount due (the acceleration date), or June 1, 2030, the loan maturity date designated in the Delebreaus' loan documents. We conclude that the acceleration date was the operative date for purposes of applying the statute of limitations, because no further payments were scheduled after that date. Thus, we affirm the district court's judgment that the statute of limitations began to run from the acceleration date, and that, therefore, the Delebreaus' claims were time barred.

I.

The facts of this case are not in dispute. In December 1999, the Delebreaus refinanced a home mortgage with Option One

Mortgage Corporation (Option One). The Delebreaus executed a note payable to Option One in the amount of $84,500, the principal loan amount, and a deed of trust securing the note on the property.

The deed of trust gave the lender the option to accelerate the Delebreaus' loan in the event of their default. The acceleration provision in the deed of trust (the acceleration clause) stated that:

> If any installment under the Note or notes secured hereby is not paid when due, or if Borrower should be in default under any provision of this Security Instrument, or if Borrower is in default under any other deed of trust or other instrument secured by the Property, *all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice*, except as otherwise required by applicable law, and regardless of any prior forbearance. In such event, Lender, at its option, and subject to applicable law, may then or thereafter invoke the power of sale and/or any other remedies or take any other actions permitted by applicable law.

(Emphasis added.)

In March 2004, Bayview began servicing the Delebreaus' loan pursuant to an agreement with Option One. By this time, the Delebreaus already had made several "late payments" on the loan, and they continued making late payments over the next two years. As a result of these late payments, Bayview assessed certain fees and provided written notification to the Delebreaus that they were in breach of the loan agreement. Facing foreclosure in June 2006, the Delebreaus entered into a loan modification agreement with Bayview, which increased the principal balance of the loan and extended the loan maturity date to June 1, 2030.

By early 2007, the Delebreaus again fell behind in making their mortgage payments. In June 2007, Bayview sent the Delebreaus a letter advising them that they were in default, and exercising Bayview's right to accelerate the loan, effective June 5, 2007. Thus, in accordance with the terms of the parties' agreement, the full amount of the loan "at once bec[a]me due and payable." No additional payments were scheduled thereafter, and the Delebreaus did not repay the full amount of the loan.

On July 19, 2007, the date of the scheduled foreclosure sale, the Delebreaus filed a petition in bankruptcy and proposed repayment plan pursuant to 11 U.S.C. §§ 301, 1321. Bayview thereafter stopped foreclosure proceedings and filed a proof of claim in the bankruptcy court for the amount owed by the Delebreaus. The Delebreaus made some payments to the bankruptcy trustee under their bankruptcy plan, and those payments were credited to their loan with Bayview. However, in December 2009, the bankruptcy court dismissed the Delebreaus' petition after they ceased making payments under the plan.

On March 18, 2009, while their bankruptcy case was pending, the Delebreaus filed the present action on behalf of borrowers whose home mortgage loans were serviced by Bayview, alleging that Bayview improperly added fees to borrowers' accounts in violation of the Consumer Credit Act.[1] Bayview filed a motion for summary judgment, arguing that the Delebreaus' claims were barred by the statute of limitations. The district court agreed with Bayview, holding that the claims were time barred because the Delebreaus did not file the present action until March 18, 2009, more than one year after the acceleration date. The Delebreaus filed a timely notice of appeal from the district court's judgment.

---

[1]Bayview has stayed foreclosure proceedings pending the outcome of this appeal.

II.

The Delebreaus contend that the district court erred in holding that, under the terms of the parties' agreement, the statute of limitations began to run from the acceleration date. According to the Delebreaus, "the due date of the last scheduled payment of the agreement," within the meaning of the statute of limitations, is not the acceleration date because acceleration occurs at the option of the lender and is not a "scheduled" date. The Delebreaus further contend that the acceleration date imposed by Bayview did not result in a "last scheduled payment" for purposes of the statute of limitations, because the Delebreaus had the right to reinstate the loan prior to foreclosure by curing the default and paying certain other expenses. Thus, the Delebreaus assert that "the due date of the last scheduled payment of the agreement" was the loan maturity date of June 1, 2030.

We review de novo the district court's award of summary judgment involving this two-part legal question of statutory and contract interpretation. *See Seabulk Offshore, Ltd. v. Am. Home Assur. Co.*, 377 F.3d 408, 418 (4th Cir. 2004); *Singer v. Dungan*, 45 F.3d 823, 827 (4th Cir. 1995). We first observe that the ultimate purpose of a statute of limitations is to ensure that causes of action be brought within a reasonable period of time. *Perdue v. Hess*, 484 S.E.2d 182, 186 (W. Va. 1997). Like other such provisions, the statute of limitations before us reflects legislative purposes of encouraging promptness in the initiation of claims, and of avoiding stale claims, inconvenience, and fraud that may result from the untimely assertion of such claims. *See Davey v. Estate of Haggerty*, 637 S.E.2d 350, 355 (W. Va. 2006) (citing *Morgan v. Grace Hosp., Inc.*, 144 S.E.2d 156, 161 (W. Va. 1965)).

The task of determining the meaning of the statutory phrase, "the due date of the last scheduled payment of the agreement," begins with consideration of the question whether that statutory language is unambiguous. A statute is

unambiguous when its plain meaning answers an interpretive question. *Harper v. Jackson Hewitt, Inc.*, 706 S.E.2d 63, 72 (W. Va. 2010). In such cases, the statutory language is dispositive and further inquiry is foreclosed. *Id.* Thus, when the language of a statute is unambiguous, we must apply the plain meaning of the words that the legislature has employed. *State v. Elder*, 165 S.E.2d 108, 111 (W. Va. 1968).

Here, the statute of limitations governing the Delebreaus' claims provides, in relevant part:

> With respect to violations arising from other consumer credit sales or consumer loans, no action pursuant to this subsection may be brought more than one year after *the due date of the last scheduled payment of the agreement*.

W. Va. Code § 46A-5-101(1) (emphasis added). We conclude that the language of this statute is unambiguous because the phrase at issue, "the due date of the last scheduled payment of the agreement," plainly refers to the last date under the parties' agreement providing for payment of a specified loan amount.

In the present case, this date was June 5, 2007, the date set by Bayview in exercising its right of acceleration under the terms of the deed of trust. As stated above, the deed of trust provided that, upon acceleration, "*all sums* secured by this Security Instrument and accrued interest thereon *shall at once become due and payable*." (Emphases added.) Because no additional payments were scheduled thereafter, the acceleration date became "the due date of the last scheduled payment of the agreement," within the intendment of the statute of limitations. Therefore, the original schedule of payments, which would have ended on June 1, 2030, no longer had any effect under the terms of the deed of trust.[2]

---

[2]As the district court noted, this conclusion is unaffected by the bankruptcy proceedings initiated by the Delebreaus, including the fact that they

The contrary position suggested by the Delebreaus, that the statute of limitations would begin to run only upon the loan maturity date, fails because it impermissibly ignores the terms of the deed of trust providing for loan acceleration. As the district court recognized, the limitations period under the Consumer Credit Act runs from "the due date of the last scheduled payment *of the agreement*," which encompasses not only the original payment schedule but the parties' entire agreement, including the acceleration clause. *See* W. Va. Code § 46A-1-102(2). Under the language of the parties' agreement, the event of acceleration materially altered the parties' original schedule of payments, allowing the lender to demand full payment of the loan amount upon the borrower's default. When Bayview exercised this right demanding full payment effective June 5, 2007, the entire loan amount was due irrespective of the original schedule of payments. As a result, the loan maturity date of June 1, 2030, was nullified for the duration of the Delebreaus' default.

We observe that this application of the statute of limitations also is consistent with the general legislative purposes underlying such statutes, namely, those of encouraging prompt initiation of claims and of avoiding the inconvenience and fraud that may result from the assertion of stale claims. *See Davey*, 637 S.E.2d at 355. Indeed, "the object of a statute of limitation" is to "keep[ ] stale litigation out of the courts." *Beach v.*

---

made payments for a time pursuant to their bankruptcy plan that were credited to their loan with Bayview. The Delebreaus failed to abide by the schedule of payments in their bankruptcy plan, and accordingly, their petition was dismissed. Therefore, we are not confronted with the issue of determining "the due date of the last scheduled payment of the agreement," in a situation in which the borrower is continuing to make timely payments, or has finished making payments under a completed bankruptcy plan. Nor are we confronted with the issue whether a payment made in a bankruptcy plan may constitute a "payment of the agreement," even when the bankruptcy plan is ultimately dismissed. This was not an issue raised before the district court.

*Ocwen Fed. Bank*, 523 U.S. 410, 415 (1998) (internal quotation marks omitted); *see also Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 261 (4th Cir. 2007) (elimination of stale claims is the very purpose of statutes of limitations). By contrast, the Delebreaus' suggested interpretation implausibly would result in the claims expiring on June 1, 2031, more than two decades after the Delebreaus' default. And the fact that the Delebreaus initiated their claims years earlier does not strengthen their legal position, because that position relies on the loan maturity date, plus the one-year period afforded under the statute of limitations, as the claims' expiration date irrespective whether the claims were filed years earlier.[3]

### III.

In conclusion, we hold that the district court correctly determined that the Delebreaus' claims were barred under the one-year period imposed by the statute of limitations, which began to run from the acceleration date set by Bayview in accordance with the terms of the deed of trust. Therefore, we affirm the district court's award of summary judgment to Bayview.

*AFFIRMED*

---

[3]In view of the plain language of the deed of trust and the statute of limitations, and the facts of this case, we conclude that the cases cited by the Delebreaus in which the borrower prepaid the loan before the maturity date, or the loan was canceled by agreement of the parties, are inapposite. *See Amason v. First State Bank of Lineville*, 369 So. 2d 547, 550 (Ala. 1979); *Wenning v. Jim Walter Homes, Inc.*, 464 F. Supp. 110, 113 (S.D. Ind. 1978).