No. 12-0150 -     *Tribeca Lending Corporation v. James E. McCormick*

**FILED**

**June 18, 2013**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Davis, Justice, concurring, in part, and dissenting, in part:

I agree wholeheartedly with the majority's resolution of the first certified question. The majority is correct in concluding that the statute of limitations provided by W. Va. Code § 38-1-4a (2006) (Repl. Vol. 2011) simply does not apply to the facts of this case. However, I part ways with my brethren with respect to the majority's disposition of the second certified question. I absolutely cannot agree with the majority's determination that the counterclaims asserted by Mr. McCormick in response to Tribeca's *first* and *second* unlawful detainer actions were untimely.

In this case, Tribeca filed an unlawful detainer action against Mr. McCormick shortly after it obtained title to the subject property through the foreclosure sale thereon. Mr. McCormick responded and asserted counterclaims similar to those at issue in the instant proceeding. Tribeca then failed to prosecute its case, and, as a result, the circuit court dismissed Tribeca's first unlawful detainer action due to inactivity. Under the majority's holding in new Syllabus point 6, it would seem that Mr. McCormick would have been permitted to assert his consumer counterclaims in response to Tribeca's first unlawful detainer action without fearing the wrath of the stringent temporal requirements of W. Va.

1

Code § 46A-5-101(1) (1996) (Repl. Vol. 2006). Unfortunately for Mr. McCormick, his saga

does not end here.

Although it continued to sit on its laurels for another few years, Tribeca

resurrected its unlawful detainer action like a proverbial phoenix in 2011, nearly three and

one-half years *after* it obtained title to the subject property and nearly two years *after* it

allowed its first unlawful detainer action to be dismissed because it failed to see it through

to its fruition. To add insult to injury, when Tribeca filed its second unlawful detainer action

in 2011, it added an attachment to this Court's standard form for unlawful detainer

complaints, stating:

> Insofar as this complaint may be interpreted by a Court
> of competent jurisdiction that the undersigned is attempting to
> collect a debt on behalf of the Plaintiff [Tribeca], you are
> informed that any information given by you to the undersigned
> is information which may be passed on to the Plaintiff and may
> be used for the purpose of collecting a debt. You are further
> advised that the undersigned may be considered a debt collector
> under the law.

Now, Tribeca, who added this language of its own accord, has the audacity to claim that Mr.

McCormick should be precluded from asserting the *same* counterclaims in response to

Tribeca's *same* unlawful detainer claims because now, after the passage of so much time,

such counterclaims are untimely. Given that the inclusion of Tribeca's additional language

in its complaint sufficiently placed Mr. McCormick on notice of the existence of a debt

collection action and in light of the protections afforded to consumers in such proceedings,

2

I vehemently dissent to the majority's disposition of the second certified question to bar Mr. McCormick's consumer counterclaims. Rather, Mr. McCormick's counterclaims are governed by W. Va. Code § 46A-5-102 (1974) (Repl. Vol. 2006), which provides:

> Rights granted by this chapter may be asserted as a defense, setoff or counterclaim to an action against a consumer *without regard to any limitation of actions*.

(Emphasis added). *Accord* Syl. pt. 6, *Chrysler Credit Corp. v. Copley*, 189 W. Va. 90, 428 S.E.2d 313 (1993) ("Where a consumer is sued for the balance due on a consumer transaction, any asserted defense, setoff, or counterclaim available under the Consumer Credit Protection Act, W. Va. Code, 46A-2-101, *et seq.*, may be asserted without regard to any limitation of actions under W. Va. Code, 46A-5-102 (1974)."). Under the statute of limitations grace period provided by W. Va. Code § 46A-5-102, it is clear that Mr. McCormick timely asserted his consumer counterclaims in response to Tribeca's *second* unlawful detainer action.

## A. Notice Pleading

The plain language of W. Va. Code § 46A-5-102 requires an action be filed against a consumer before the counterclaims statute of limitations grace becomes effective. Be that as it may, this statute does not limit or specify the exact *type* of action in response to which the consumer may assert his/her counterclaims. Thus, it is apparent that *any* "action against a consumer," W. Va. Code § 46A-5-102, would be sufficient to activate the statute

3

of limitations grace provided by that statute. Here, by its own inclusion of words extraneous to this Court's form complaint for unlawful detainer actions, Tribeca has indicated its intention (1) to sue Mr. McCormick for unlawful detainer and (2) to construe such action also as a debt collection action. To the extent those are the claims that Tribeca, itself, has asserted in its complaint, the Court is not at liberty to pick and choose which portions of the plaintiff's complaint will be enforced and to arbitrarily disregard those portions that appear to be incongruous. This jurisdiction subscribes to the concept of notice pleading, and, to the extent that Tribeca has included debt collection language in its complaint, the inclusion of this language effectively puts Mr. McCormick on notice that Tribeca considers it to have an unresolved debt collection claim against him. *See Forshey v. Jackson*, 222 W. Va. 743, 750, 671 S.E.2d 748, 755 (2008) ("'"Complaints are to be read liberally as required by the notice pleading theory underlying the West Virginia Rules of Civil Procedure."' *State ex rel. Smith v. Kermit Lumber & Pressure Treating Co.*, 200 W. Va. 221, 488 S.E.2d 901 (1997) (quoting *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.*, 194 W. Va. [770,] 776, 461 S.E.2d [516,] 522 [(1995)]).") *Accord Whorton v. Malone*, 209 W. Va. 384, 390 n.6, 549 S.E.2d 57, 63 n.6 (2001). *See also Bowers v. Wurzburg*, 205 W. Va. 450, 462, 519 S.E.2d 148, 160 (1999) (commenting that, "[g]enerally, the allegations contained in a complaint are to consist of 'a short and plain statement of the claim showing that the pleader is entitled to relief,' W. Va. R. Civ. P. 8(a)(1), in order to place a potential defendant on notice as to the nature of the claim(s) asserted against him/her" and noting that, "[i]n construing the

4

adequacy of a complaint, the allegations contained therein are viewed liberally in favor of the plaintiff" (citations omitted)). Simply stated, the Court should not ignore those words that Tribeca, itself, has included in its complaint even if such words are not customarily used in the assertion of an unlawful detainer action.

### B. Timely Assertion of Consumer Counterclaims

Moreover, the statute of limitations relied upon by the circuit court, W. Va. Code § 46A-5-101(1) (1996) (Repl. Vol. 2006) does not govern Mr. McCormick's counterclaims because it presupposes that he initiated his claims in the first instance. As the majority duly has noted, Mr. McCormick has not instituted any proceedings against Tribeca in the first instance. Instead, Mr. McCormick merely has asserted the subject counterclaims in response to the unlawful detainer/debt collection action filed by Tribeca. As such, W. Va. Code § 46A-5-102 (1974) (Repl. Vol. 2006) provides the statute of limitations that is applicable to the facts of this case.

In its opinion, the majority has recognized that W. Va. Code § 46A-5-101(1) (1996) (Repl. Vol. 2006) provides the time periods for a consumer to file a cause of action against a creditor to assert violations of the West Virginia Consumer Credit and Protection Act. The first subsection of W. Va. Code § 46A-5-101, which forms the basis for the second certified question, directs:

5

(1) If a creditor has violated the provisions of this chapter applying to collection of excess charges, security in sales and leases, disclosure with respect to consumer leases, receipts, statements of account and evidences of payment, limitations on default charges, assignment of earnings, authorizations to confess judgment, illegal, fraudulent or unconscionable conduct, any prohibited debt collection practice, or restrictions on interest in land as security, assignment of earnings to regulated consumer lender, security agreement on household goods for benefit of regulated consumer lender, and renegotiation by regulated consumer lender of loan discharged in bankruptcy, the consumer has a cause of action to recover actual damages and in addition a right in an action to recover from the person violating this chapter a penalty in an amount determined by the court not less than one hundred dollars nor more than one thousand dollars. With respect to violations arising from consumer credit sales or consumer loans made pursuant to revolving charge accounts or revolving loan accounts, or from sales as defined in article six of this chapter, no action pursuant to this subsection may be brought more than four years after the violations occurred. *With respect to violations arising from other* consumer credit sales or *consumer loans, no action pursuant to this subsection may be brought more than one year after the due date of the last scheduled payment of the agreement.*

(Emphasis added).

W. Va. Code § 46A-5-101(1) does not, however, address the facts of the case *sub judice* to define the time period within which a consumer is required to bring a counterclaim asserting his/her rights under the West Virginia Consumer Credit and Protection Act, and, in fact, a more specific statute, W. Va. Code § 46A-5-102 (1974) (Repl. Vol. 2006), supplies such information. *See generally* Syl. pt. 1, *UMWA by Trumka v.*

6

*Kingdon*, 174 W. Va. 330, 325 S.E.2d 120 (1984) ("The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled.").

Pursuant to W. Va. Code § 46A-5-102, a consumer may assert counterclaims arising under the West Virginia Consumer Credit and Protection Act at any time: "Rights granted by this chapter may be asserted as a defense, setoff or counterclaim to an action against a consumer *without regard to any limitation of actions*." (Emphasis added). This Court has interpreted this language as meaning that a consumer's counterclaims asserting such rights are not barred by statutes of limitations that might otherwise be applicable to such claims but for the operation of W. Va. Code § 46A-5-102:

> Where a consumer is sued for the balance due on a consumer transaction, any asserted defense, setoff, or counterclaim available under the Consumer Credit Protection Act, W. Va. Code, 46A-2-101, *et seq.*, may be asserted without regard to any limitation of actions under W. Va. Code, 46A-5-102 (1974).

Syl. pt. 6, *Chrysler Credit Corp. v. Copley*, 189 W. Va. 90, 428 S.E.2d 313 (1993).

Based upon its reference to W. Va. Code § 46A-5-101(1), the second question certified to this Court presupposes that Mr. McCormick has filed a cause of action against Tribeca in the first instance. However, those are not the facts of the instant proceeding. Rather, Tribeca filed its unlawful detainer action against Mr. McCormick, and Mr.

7

McCormick asserted his counterclaims against Tribeca, alleging that Tribeca had violated the West Virginia Consumer Credit and Protection Act, in response to Tribeca's lawsuit. Mr. McCormick is the defendant in these proceedings; he is not a plaintiff consumer who has filed a lawsuit as contemplated by W. Va. Code § 46A-5-101(1).

The procedural posture of the case *sub judice* is a bit unusual because Mr. McCormick has asserted his consumer counterclaims in response to Tribeca's unlawful detainer action. Ordinarily, an unlawful detainer action is simply that–an action to recover possession of the property that has been unlawfully detained. *See* W. Va. Code § 55-3-1 (1923) (Repl. Vol. 2008) (describing nature of unlawful detainer action as proceeding to recover possession of property that has been unlawfully detained or withheld from plaintiff); *Duff v. Good*, 24 W. Va. 682, 685 (1884) ("The remedy by unlawful detainer is a summary proceeding designed to protect the actual possession, whether rightful or wrongful, against unlawful invasion and afford speedy restitution."). *See also* Syl. pt. 2, in part, *Wiles v. Walker*, 88 W. Va. 147, 106 S.E. 423 (1921) ("[A]n action of forcible entry and detainer relates only to possession and does not settle or adjudicate title[.]"); *Feder v. Hager*, 64 W. Va. 452, 454, 63 S.E. 285, 286 (1908) (observing that unlawful detainer action "relates only to possession, and determines only the right to possession. It does not settle or adjudicate title."). *See generally Ratino v. Hart*, 188 W. Va. 408, 424 S.E.2d 753 (1992) (per curiam) (compiling and discussing West Virginia unlawful detainer cases).

8

In the instant proceeding, however, Tribeca added an attachment to its unlawful detainer complaint in which it stated:

> Insofar as this complaint may be interpreted by a Court of competent jurisdiction that the undersigned is attempting to collect a debt on behalf of the Plaintiff, you are informed that any information given by you to the undersigned is information which may be passed on to the Plaintiff and may be used for the purpose of collecting a debt. You are further advised that the undersigned may be considered a debt collector under the law.

To the extent that Tribeca has incorporated this debt collection language in its complaint, Tribeca's complaint may be construed as also attempting to collect a debt from Mr. McCormick. *See, e.g.*, W. Va. Code § 46A-1-103(1) (1996) (Repl. Vol. 2006) (noting that West Virginia Consumer Credit and Protection Act regulates consumer loans and establishes remedies for violations of such provisions); W. Va. Code § 46A-5-101 (enumerating claims consumer may assert against lender or debt collector alleging violations of West Virginia Consumer Credit and Protection Act). Thus, Tribeca, as it has acknowledged in the attachment to its complaint, is a debt collector in these proceedings, and Mr. McCormick is a consumer. *See* W. Va. Code § 46A-2-122(d) (1996) (Repl. Vol. 2006) (defining "debt collector" as "any person or organization engaging directly or indirectly in debt collection"); W. Va. Code § 46A-2-122(c) (further defining "debt collection" as "any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by a consumer"). *See also* W. Va. Code § 46A-1-102(12) (1996) (Repl. Vol. 2006) (explaining that "consumer" "means a natural person who incurs debt

9

pursuant to . . . a consumer loan"); W. Va. Code § 46A-2-122(a) (construing "consumer" to mean "any natural person obligated or allegedly obligated to pay any debt"). Therefore, as a consumer, against whom an action has been brought, Mr. McCormick asserted his counterclaims in response to Tribeca's complaint, and he alleged that Tribeca has violated the West Virginia Consumer Credit and Protection Act.[1]

The pivotal question remains, however, as to whether Mr. McCormick timely

_____

[1]I wish to reiterate that the posture of the case *sub judice* is extraordinarily unusual because Tribeca, by words of its own choosing, has incorporated debt collection language into its complaint alleging unlawful detainer. Ordinarily, a defendant to an unlawful detainer proceeding would not be permitted to invoke the statute of limitations grace period provided by W. Va. Code § 46A-5-102 for the assertion of a consumer's counterclaims because, by its very nature, an unlawful detainer action is a suit for the recovery of possession of property and not a proceeding against a consumer regarding a consumer transaction. *Compare* W. Va. Code § 55-3-1 (1923) (Repl. Vol. 2008) (describing nature of unlawful detainer action as proceeding to recover possession of property that has been unlawfully detained or withheld from plaintiff) *and Duff v. Good*, 24 W. Va. 682, 685 (1884) ("The remedy by unlawful detainer is a summary proceeding designed to protect the actual possession, whether rightful or wrongful, against unlawful invasion and afford speedy restitution.") *with* W. Va. Code § 46A-1-103(1) (1996) (Repl. Vol. 2006) (noting that West Virginia Consumer Credit and Protection Act regulates consumer loans and establishes remedies for violations of such provisions); *Chevy Chase Bank v. McCamant*, 204 W. Va. 295, 302, 512 S.E.2d 217, 224 (1998) (per curiam) ("It appears obvious to this Court that the purpose of the WVCCPA [West Virginia Consumer Credit and Protection Act] is to protect consumers from unfair, unconscionable, fraudulent, and abusive practices of debt collectors."); *and* Syl. pt. 2, *U.S. Life Credit Corp. v. Wilson*, 171 W. Va. 538, 301 S.E.2d 169 (1982) ("The legislature in enacting the West Virginia Consumers [sic] Credit and Protection Act, W. Va. Code, 46A–1–101, *et seq.*, in 1974, sought to eliminate the practice of including unconscionable terms in consumer agreements covered by the Act. To further this purpose the legislature, by the express language of W. Va. Code, 46A–5–101(1), created a cause of action for consumers and imposed civil liability on creditors who include unconscionable terms that violate W. Va. Code, 46A–2–121 in consumer agreements.").

asserted these counterclaims against Tribeca. Therefore, I would propose reformulating the second certified question to more accurately reflect the law and the facts that are presently before the Court.

> When a certified question is not framed so that this Court is able to fully address the law which is involved in the question, then this Court retains the power to reformulate questions certified to it under both the Uniform Certification of Questions of Law Act found in *W. Va. Code*, 51–1A–1, *et seq.* and *W. Va. Code*, 58–5–2 [1967], the statute relating to certified questions from a circuit court of this State to this Court.

Syl. pt. 3, *Kincaid v. Mangum*, 189 W. Va. 404, 432 S.E.2d 74 (1993). *See also* W. Va. Code § 51-1A-4 (1996) (Repl. Vol. 2008) ("The supreme court of appeals of West Virginia may reformulate a question certified to it."). Accordingly, I would rephrase the second certified question as follows:

> What is the limitations period within which counterclaims may be asserted alleging violations of the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-1-101 *et seq.*, in response to an unlawful detainer action in which the plaintiff has stated that it also is attempting to collect a debt from the defendant?

Pursuant to the plain language of W. Va. Code § 46A-5-102 and our prior decision in *Copley* interpreting this statute, it is apparent that, as a consumer against whom an action had been brought, Mr. McCormick was permitted to assert any counterclaims arising under the West Virginia Consumer Credit and Protection Act "without regard to any limitation of actions." W. Va. Code § 46A-5-102. In other words, Mr. McCormick's consumer counterclaims are not barred by any statute of limitations by virtue of the operation of W. Va. Code § 46A-5-

11

102. Thus, I would answer the second certified question as follows: W. Va. Code § 46A-5-102 (1974) (Repl. Vol. 2006) permits a consumer to assert counterclaims arising under the West Virginia Consumer Credit and Protection Act "without regard to any limitation of actions." *Accord* Syl. pt. 6, *Chrysler Credit Corp. v. Copley*, 189 W. Va. 90, 428 S.E.2d 313 (1993). As such, the Court should have determined that Mr. McCormick timely asserted his consumer counterclaims in response to Tribeca's unlawful detainer/debt collection action.[2]

In light of the foregoing, I respectfully concur with the majority's resolution of the first certified question in this case. However, I strongly dissent from the majority's disposition of the second certified question.

---

[2]I would be remiss if I did not also address the case upon which Tribeca and the majority rely as support for their resolution of the second certified question: *Delebreau v. Bayview Loan Servicing, LLC*, 770 F. Supp. 2d 813 (S.D. W. Va. 2011), *aff'd*, 680 F.3d 412 (4th Cir. 2012). Despite the majority's steadfast allegiance to this opinion as providing guidance regarding the statute of limitations that is applicable to Mr. McCormick's claims in this case, a simple review of the *Delebreau* decision demonstrates that it is both distinguishable from and inapplicable to the facts of the case *sub judice*. *Delebreau* involved plaintiff consumers who had filed the subject lawsuit against their mortgage loan servicer and had asserted claims arising under the West Virginia Consumer Credit and Protection Act. Unlike the consumers in *Delebreau*, the consumer in the instant proceeding, Mr. McCormick, did not file a lawsuit and is not a party plaintiff herein. Rather, Tribeca sued Mr. McCormick, and he responded by filing counterclaims, not his own, independent, cause of action. As such, the underpinnings of *Delebreau* are completely different from the factual and procedural history shaping the instant controversy.

12