IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2018 Term

**FILED**
**April 5, 2018**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 16-1208

STATE OF WEST VIRGINIA,
Respondent

v.

CARTER PERRY KING,
Petitioner

Appeal from the Circuit Court of Marion County
The Honorable David R. Janes, Judge
Criminal Action No. 04-F-62

REVERSED AND REMANDED
WITH INSTRUCTIONS.

Submitted:  February 7, 2018
Filed:  April 5, 2018

Scott A. Shough, Esq.
Fairmont, West Virginia
Counsel for the Petitioner

Patrick Morrisey, Esq.
Attorney General
Robert L. Hogan, Esq.
Deputy Attorney General
Charleston, West Virginia
Counsel for the Respondent

CHIEF JUSTICE WORKMAN delivered the Opinion of the Court.
JUSTICE LOUGHRY dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1.     "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard.  We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*."  Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.3d 114 (1996).

2.     "The right to a jury trial does not attach to a hearing requested pursuant to West Virginia Code § 27-6A-6 (2013) for the purpose of permitting a criminal defendant, who has been adjudged incompetent, to establish any defenses to the charged offense other than the defense of not guilty by reason of mental illness."  Syllabus, *State v. Gum*, 234 W. Va. 263, 764 S.E.2d 794 (2014).

Workman, Chief Justice:

The petitioner, Carter Perry King, was charged with two counts of sexual abuse by a parent, guardian or custodian and two counts of second degree sexual assault in 2004. By order entered December 18, 2008, the circuit court found that the petitioner was not competent to stand trial and that he would have been convicted of the criminal charges against him. The circuit court found that it would maintain jurisdiction over the petitioner for forty to ninety years – the maximum possible sentence the petitioner would have received if convicted – or until the petitioner attained competency, whichever occurred first.

In 2016, the petitioner moved the circuit court for a hearing to offer a defense, other than not guilty by reason of mental illness, to the merits of the criminal charges against him pursuant to West Virginia Code § 27-6A-6 (2013), which hearing may be held at the circuit court's discretion. The circuit court denied the petitioner's motion. The Court must decide whether the circuit court abused its discretion in denying the petitioner's motion to offer a defense to the merits of charges brought against him in 2004. Based upon a review of the appendix record,[1] the parties' briefs and arguments and all other matters before the Court, we find that the circuit court abused its discretion in not affording the petitioner a

---

[1] The appendix record and the supplemental appendix record (referred to collectively as the "appendix record") submitted before the Court fail to provide a complete picture of all the competency hearings that occurred before the circuit court.

1

hearing in this case and, therefore, reverse and remand the matter to the circuit court for a hearing pursuant to West Virginia Code § 27-6A-6.

## I. Facts and Procedural History

On February 3, 2004, the petitioner was indicted on two counts of sexual abuse by a parent, guardian or custodian and two counts of second degree sexual assault. The charges stemmed from events that occurred on December 8, 2003, wherein the petitioner, who was forty years old at the time, was alleged to have engaged in, or attempted to engage in, acts of sexual intercourse or intrusion with T.M.,[2] a female child in his care, custody, or control.[3]

On November 30, 2004, the circuit court found that the petitioner was not capable of participating substantially in his defense, was not able to understand the nature and consequences of a criminal trial and may pose a danger to himself and/or others. Because the circuit court determined that there was a substantial likelihood that the petitioner would "attain competency within the ensuing six (6) months[,]" it committed him to William R. Sharpe, Jr., Memorial Hospital for an improvement period not to exceed six months,

---

[2]Pursuant to West Virginia Rule of Appellate Procedure 40(e), we identify the victim using only her initials. *See also State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[3]There is nothing in the appendix record that indicates the age of the victim.

which was according to the law at the time.[4]  *See* W. Va. Code § 27-6A-2(b) (2004) (providing that "[i]f the defendant is found incompetent to stand trial, the court of record shall upon the evidence make further findings as to whether or not there is a substantial likelihood that the defendant will attain competency within the next ensuing six months, and if the court of record so finds, the defendant may be committed to a mental health facility for an improvement period not to exceed six months.").

An order entered by the circuit court on October 4, 2007, memorializing a hearing on the petitioner's motion to suppress statements[5] that he made to law enforcement regarding the allegations against him, reveals that the petitioner "was first evaluated for his competency to stand trial.  He was originally found incompetent to stand trial; however, his competency was later restored after being educated on the issues regarding the trial of his case."[6]  The petitioner was out on bond pending trial.

---

[4]We use the version of the statute that was in effect at the time this determination was made.  This statute has since been amended.

[5]The statements were made prior to the petitioner's indictment and arrest, but *Miranda* warnings were given.  *See Miranda v. Arizona*, 384 U.S. 436 (1966).  In one statement, the petitioner denied the allegations against him.  In the second statement, which the petitioner gave to the police as a result of him contacting law enforcement, he stated that he did have intercourse with the alleged victim and provided details regarding the encounter.

[6]There are no issues before the Court that bring into question that the circuit court continued to hold proceedings regarding the petitioner's competency to stand trial.

Also at the suppression hearing, the circuit court heard testimony from Dr. William Fremouw, who had examined the petitioner on April 13, and September 13, 2006. Dr. Fremouw testified that the petitioner was mildly retarded with an IQ of 60 or 70. Dr. Fremouw further testified that the petitioner "would not have been competent to understand his Miranda rights due to his low IQ, his lack of experience with the criminal justice system, and his willingness to please." The circuit court further noted that Dr. Ryan Finkenbine had examined the petitioner at the State's request and determined that the petitioner was able to "knowingly and voluntarily waive his Miranda rights, but was not able to do so intelligently. He also determined that '[h]is capacity to adapt his knowledge in situations where he may show reasonable judgement, to weigh matters appropriately, and to consider the consequences of waiving his rights was poor.'" The circuit court concluded that the petitioner's motion to suppress his statements should be granted because he did not possess sufficient capacity to make "a knowing and voluntary confession."

Thereafter, at a December 18, 2007, hearing on the petitioner's motion for further mental examination,[7] which was held before jury selection in the criminal trial commenced, the petitioner's counsel raised serious concerns about his client's competency to stand trial. In conjunction with this motion, the petitioner's counsel contacted Dr.

---

[7]A copy of the petitioner's motion is not in the appendix record.

4

Fremouw and asked that he do another evaluation of the petitioner. There was no objection by the State and the petitioner was evaluated further by Dr. Fremouw.

Dr. Fremouw again testified at the hearing that it was his opinion that the petitioner was not competent to stand trial. Dr. Fremouw noted that this was his opinion in 2006 and remained his opinion at the time of the hearing. He testified that he had serious concerns about the defendant's competency to stand trial, because "[h]e lacks the ability to meaningful [sic] consult and assist counsel." The circuit court indicated at the hearing that the trial would not go forward as the court believed that "at this time he is not competent to stand trial[,]" and that it was taking the matter under advisement. The circuit court indicated that it wanted to give the State an opportunity to consult with other psychiatrists or psychologists and that the court did not want to "send . . . [the petitioner] to the State Hospital without a more detailed hearing and determine what . . . [its] options . . . [were]." The parties were asked to schedule a hearing after the first of the year, which would have been in 2008.

A circuit court's order entered on December 18, 2008, reflects that a hearing was held on October 10, 2008,[8] in which the State and the petitioner appeared by counsel "for

---

[8]According to a Motion to Supplement Brief and Appendix filed with the Court, the petitioner's counsel indicated that he had spoken with the court reporter and "counsel can
(continued...)

5

the purpose of addressing the Defendant's previously filed Motion addressing the Defendant's competency to stand trial." S*ee* W. Va. Code § 27-6A-3 (2013). The circuit court found that the petitioner was not competent to stand trial "because he does not exhibit sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." The circuit court further found that the petitioner was "not substantially likely to attain competency and that the indictment against the defendant involves acts of violence against a person." The circuit also found that "the Defendant would have been convicted of" the offenses for which he was indicted "but for the determination that he is not competent to stand trial[.]" The circuit court ordered that the petitioner be committed to William R. Sharpe, Jr., Hospital and that the court "maintains jurisdiction over the defendant for forty (40) years to (90) years, the maximum possible sentence defendant would have received if he had been convicted of the crime(s) charge[d], or until the defendant regains competency and the criminal charges reach resolution which is sooner." The circuit court later placed the petitioner in the Browns Mill Group Home following a dangerousness evaluation as the court found it to be the least restrictive suitable placement.[9]

---

[8](...continued)
now submit to the court that no transcript exists for any hearing on that date, that the court reporter does not believe such a hearing occurred, and that the lower court's docket for that week, reflects no hearings at all were scheduled that day."

[9]After the petitioner's placement in the group home, the appendix record indicates that there was at least one status hearing concerning the petitioner's incompetency
(continued...)

On April 24, 2013, the petitioner moved the circuit court for an "opportunity to offer a defense to the charges pending against the defendant before the court" pursuant to West Virginia Code § 27-6A-6. The basis for the motion was that the petitioner "believes that he can establish a defense of not guilty and requests the opportunity to do so." Then, on December 9, 2013, the petitioner filed a "Notice of Request of Withdrawal of Bench Trial" that had been scheduled for January 2, 2014.

On April 13, 2016, the petitioner filed a second motion for hearing to offer a defense pursuant to West Virginia Code § 27-6A-6. In the motion, the petitioner argued that "[a]fter investigating this matter counsel believes the defendant has been found incompetent to proceed to trial, and not likely to be restored to competency thereto, but has never had an opportunity to challenge the allegations against him." A hearing was scheduled for September 28, 2016. But rather than allowing the petitioner to proceed with the hearing requested, the circuit court questioned the timeliness of the petitioner's motion. Specifically, the circuit court inquired of the petitioner's counsel as to why the petitioner's motion "wasn't . . . done in 2008 prior to Judge Fox's finding . . . [presumably concerning the petitioner not

---

[9](...continued)
determination and placement. There also were at least two motions filed in which the petitioner sought his release from the group home and placement with his mother or "court supervised parole." The circuit court denied both motions.

7

being competent to stand trial]." The circuit court asked whether the hearing the petitioner

sought had been waived, stating

> So if it's waived then, how can he have a hearing now? If the
> attorney representing him at that time decided in making some
> strategic decision that it wasn't in his best interest to conduct
> that hearing back in 2008 prior to Judge Fox's finding, how is
> it that he has the right to do it now?

Further, the circuit court indicated that there may have been a strategic advantage to not

having the hearing in 2008 when it stated: "He [the petitioner] could have witnesses to die,

witnesses to move away, evidence could be lost, as . . . [the State] has suggested. There may

be a significant strategic benefit to him by delaying the trial. Generally speaking, it's to a

defendant's benefit to delay every criminal trial."

The petitioner's counsel told the circuit court that he was seeking, on his

client's behalf, an opportunity to

> tell the Court that we would intend to question the credibility of
> the alleged victim. We would perhaps present alternative
> explanations for any physical evidence that is submitted to the
> Court. And we would submit our own evidence as to Mr. King's
> character and actions at the time of the alleged offense.

The State argued that the passage of time may have compromised the State's case as

> [t]here is a situation with Detective Parker now that the time has
> totally passed and certain evidence that was presented in the
> case file. There should have been some submissions to the lab
> that should be in the file that right now the state is still trying to
> find. I can only surmise that it's only over the period of time

that that evidence has been misplace or may not be available to the state any longer. . . .

It is significant that the petitioner's counsel responded to the State's argument about the passage of time potentially compromising its case that the State "agreed that a bench trial should occur, Your Honor. That's why that [the hearing that day] was scheduled. There was never a position or a written filing by the state that this type of a hearing [to consider the timeliness of the motion] was necessary until yesterday morning."

The circuit court, again focusing upon the timeliness, stated:

How long i[s] too long? So this has been 13 years since these incidents were alleged to have occurred. Eight years since Judge Fox's ruling. Is that too long? Is 20 years too long? Is 30 years too long? I mean, there's a purpose, there's a reason why there's a three term rule requiring trials be conducted speedily. There's a reason why in civil cases Rule 41(b) exists to dismiss cases that are dormant for more than a year. There's a need for finality and the court's activity. So if we wait eight years after there's been a finding by Judge Fox to present evidence as to his defense, is that not too long?

The circuit court directed the parties to submit additional briefing addressing legal and factual questions regarding the timeliness of the request for the hearing to present a defense. Specifically, the circuit court ordered the following:

1.    That each party brief the . . . following issues that the Court has deemed relevant to determining if a bench trial should be held:
      A.    The fact that this hearing would be held approximately 12 years after the return of the indictment against the defendant.

B.      If the defendant's failure to request such a hearing prior to this point in time was a strategic or tactical defense decision made by himself and/or his previous defense counsel.

C.      If the holding of such a bench trial at this time is barred as a matter of law.

D.      If the defendant's failure to move forward with this bench trial prior to this date has compromised and/or materially prejudiced the State's ability to prosecute the defendant.

The parties submitted the additional briefing as directed by the Court. According to the petitioner's memorandum in support of his request for a hearing,

> [i]mmediately prior to the hearing on 28 September, the court informed the parties that it wanted to hear arguments as to the appropriateness of allowing a bench trial pursuant to the above referenced statute to proceed. This was the first time that the holding of such a hearing was questioned, the issue having not been raised by the state or court prior to this date. This issue was not raised in the in chambers meeting, nor was it raised in writing by the state at any time. In fact, both parties had witnesses subpoenaed and/or present at court on 28 September in anticipation of the holding of a bench trial. The state did however object to the holding of such a bench trial during the proffers and argument before the Court on this date.

By order entered December 9, 2016, the circuit court denied the petitioner's request for a hearing on the merits of his potential defense. The circuit court found that on December 18, 2008, the petitioner was not competent to stand trial and that he "would have been convicted of the offenses for which he was indicted but for his lack of competency." The circuit court stated that "there was no request by the Defense for a hearing for the

10

Defendant to offer a defense pursuant to W. Va. Code § 27-6A-6 at that time or within a reasonable time thereafter." The circuit court then concluded that it would not disturb the findings made by Judge Fox in his December 18, 2008, order. Further, the circuit court determined that while the petitioner may request the opportunity to offer a defense on the merits after a finding of incompetency pursuant to West Virginia Code § 27-6A-6, whether to grant such request was within the sole discretion of the court. The circuit court denied the petitioner's request.

## II. Standard of Review

We invoke the following standard of review set forth in *State v. Gum*, 234 W. Va. 263, 764 S.E.2d 794 (2014): "With regard to the petitioner's assertion of unconstitutional error arising from West Virginia Code § 27–6A–6, our review is plenary. *See Syl. Pt. 1, Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review")." *Gum*, 234 W. Va. at 267, 764 S.E.2d at 798. Regarding the circuit court's decision on whether to afford the petitioner a judicial hearing under statute, West Virginia Code § 27-6A-6 provides that a circuit court has discretion to grant a request for a judicial hearing of a defendant's defense other than not guilty by reason of mental illness. As we have consistently held "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion

11

standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.3d 114 (1996). Applying these standards, we undertake review of the issues before us.

### III. Discussion

The determinative issue in this case is whether the circuit court erred in denying the petitioner's motion for a hearing pursuant to West Virginia Code § 27-6A-6. That statute provides:

> If a defendant who has been found to be not competent to stand trial believes that he or she can establish a defense of not guilty to the charges pending against him or her, other than the defense of not guilty by reason of mental illness, the defendant may request an opportunity to offer a defense thereto on the merits before the court which has criminal jurisdiction. If the defendant is unable to obtain legal counsel, the court of record shall appoint counsel for the defendant to assist him or her in supporting the request by affidavit or other evidence. If the court of record in its discretion grants such a request, the evidence of the defendant and of the state shall be heard by the court of record sitting without a jury. If after hearing such petition the court of record finds insufficient evidence to support a conviction, it shall dismiss the indictment and order the release of the defendant from criminal custody. The release order, however, may be stayed for ten days to allow civil commitment proceedings to be instituted by the prosecutor pursuant to article five [§ 27-5-1 et seq.] of this chapter: Provided, That a defendant committed to a mental health facility pursuant to subsection (f) or (h), section three [§ 27-6A-3] of this article shall be immediately released from the facility unless civilly committed.

12

The petitioner argues that while the circuit court's 2008 order in which the court found him not competent to stand trial indicates a hearing was held in which his counsel and counsel for the State were present, there are not any other records, including a transcript of a hearing, which shows that a hearing actually occurred. According to the petitioner, because of the absence of records in the case, there is no definitive proof that the State has ever had to present any evidence upon which the circuit court could have determined that he "would have been convicted of" the criminal charges in the indictment "but for the determination that he is not competent to stand trial." Thus, the petitioner contends that there is simply no basis for allowing the findings in the 2008 order to control whether he is now given a hearing to present a defense. *See* W. Va. Code § 27-6A-6. The petitioner also argues that West Virginia Code § 27-6A-6 provides that a hearing of his defense may only be requested after a determination that he was not competent to stand trial. There is no other time frame discussed in the statute. Moreover, the petitioner contends that when he requested a hearing in 2016, there were no objections raised by the State regarding the timeliness of the hearing or any argument relating to a prejudicial effect resulting therefrom until after the circuit court raised the timeliness issue.[10]

---

[10]The petitioner also argues that his constitutional rights were violated because he was not afforded a hearing at the time the circuit court made the competency determination in 2008. Because we are granting the petitioner the relief he seeks under West Virginia Code § 27-6A-6, we decline to address this assignment of error. We, however, do reject the petitioner's argument that he has been committed to a mental health facility "indefinitely, directly in violation of the holdings of the United States Supreme Court." *See Jackson v.*

(continued...)

Conversely, the State maintains that the "petitioner has no absolute right to a judicial hearing" contemplated by statute. According to the State, "as a matter of law, Petitioner had no right to present evidence in support of a merits defense after the determination of his incompetency, nor did the State have any obligation to prove its case." Thus, the State argues that the circuit court correctly exercised its discretion in denying the petitioner a hearing, because the fact that the petitioner cannot find a hearing transcript of the 2008 hearing is not enough to overcome the presumption of regularity of proceedings or the specific findings made by the circuit court in its 2008 order.[11] Further, the State contends

[10](...continued)
*Indiana*, 406 U.S. 715 (1972). We acknowledged in *Gum* that the statutory scheme at issue

> resulted from the holding in *Jackson v. Indiana*, 406 U. S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), that a defendant may not be committed indefinitely to a mental care facility solely because he or she is incompetent to stand trial. *Id*. at 728, 92 S.Ct. 1845. Responding to *Jackson*, our Legislature provided for the commitment of an incompetent individual for a term commensurate with the maximum penalty for the underlying offense. *See* W. Va. Code § 27-6A-3(h). In using the corollary maximum penalty as the ceiling for a period of commitment, our statutory scheme mirrors laws enacted in Ohio, Massachusetts, and Illinois.

234 W. Va. at 268, 764 S.E.2d at 799. Consequently, the petitioner's contention that he is being held in violation of *Jackson* is without merit.

[11]*See* Syl. Pt. 2, *State ex rel. Scott v. Boles*, 150 W. Va. 453, 147 S.E.2d 486 (1966) ("There is a presumption of regularity of court proceedings in courts of competent jurisdiction that remains until the contrary appears, and the burden of proving any irregularity in such court proceedings rests upon the person who alleges such irregularity to show it affirmatively. In a collateral attack on a judgment of a court of competent jurisdiction the
(continued...)

14

that the circuit court had evidence that the petitioner would have been convicted of the crimes charged – the petitioner's own admission that he engaged in sexual intercourse with the victim.[12] Further, the State maintains that the petitioner has failed to show a meritorious defense to the crimes charged, even though the circuit court did not address the merits of the petitioner's defense in denying his motion.

We begin by recognizing a clear distinction between the statute by which a circuit court finds a defendant not competent to stand trial, *see* West Virginia Code § 27-6A-3, and the statute currently at issue concerning a request by a person found not competent to stand trial to establish a defense to the charges against him. *See* W. Va. Code § 27-6A-6. Despite the petitioner's argument that he "has never had the sufficiency of the evidence [offered against him] tested in any meaningful manner, nor has he been afforded the right to present evidence on his own behalf[,]" to be certain, the hearing that was held in 2008 pursuant to West Virginia Code § 27-6A-3 was not geared toward assessing the sufficiency

_____

[11](...continued)
burden does not shift to the defendant upon the filing of a petition and affidavit to prove that the judgment is proper in all respects and that the court performed all of its duties required by law.").

[12]We find no merit to the State's argument that the circuit court properly relied upon the petitioner's confession as evidence supporting its determination that the petitioner would have been convicted of the crimes charged in the indictment. Before the competency determination in 2008, the circuit court excluded the petitioner's statements, finding them inadmissible as evidence against the petitioner at trial. Because we do not have the transcript of the 2008 hearing, we simply do not know what evidence the circuit court considered at that time in making its determinations that are set forth in the 2008 order.

15

of the evidence against the petitioner. Rather, the 2008 hearing was for the purpose of having the circuit court determine the petitioner's competency to stand trial. As part of this competency determination process, West Virginia Code § 27-6A-3(h) does not require a circuit court make specific findings regarding the sufficiency of the evidence supporting the criminal charges pending against a defendant at the competency hearing. Rather, the statute requires that

> [i]f at any point in the proceedings the defendant is found not competent to stand trial and is found not substantially likely to attain competency, and if the defendant has been indicted or charged with a . . . felony in which the . . . felony does involve an act of violence against a person, *then the court shall determine on the record the offense or offenses of which the person otherwise would have been convicted, and the maximum sentence he or she would have received*."

*Id*. (emphasis added). Based upon this statutory requirement, the circuit court determined in the 2008 order that the petitioner

> would have been convicted of the following offenses but for the determination that he is not competent to stand trial: SEXUAL ABUSE BY A PARENT, GUARDIAN or CUSTODIAN as contained in Count I and Count II. The maximum sentence for each count the Defendant could of received is imprisonment in the State Penitentiary for not less than ten (10) years nor more than twenty (20) years, or fined not less than five hundred dollars ($500.00) nor more than five thousand dollars ($5,000.00) and imprisoned in the State Penitentiary not less than ten (10) years nor more than twenty (20) years. The Defendant would have been convicted of SECOND DEGREE SEXUAL ASSAULT (FORCIBLE COMPULSION) as contained in Count III and Count IV. The maximum sentence for each count the Defendant could receive is confinement in the State Penitentiary not less than ten (10) nor more than twenty

16

five (25) years or fined not less than one thousand dollars ($1,000.00) nor more than ten thousand dollars ($10,000.00) and confined in the State Penitentiary nor less than ten (10) years nor more than twenty five (25) years. The court finds that the maximum sentence he would have received is forty (40) years to ninety (90) years.

This Court further FINDS that it maintains jursidiction over the defendant for forty (40) years to ninety (90) years, the maximum possible sentence defendant would have received if he had been convicted of the crime(s) charge[d], or until the defendant regains competency and the criminal charges reach resolution whichever is sooner. . . .

The focus of West Virginia Code § 27-6A-3 was on the competency determination and the procedure for dealing with a defendant depending on whether this determination was made. The circuit court's findings in 2008 comported with the competency statute. *See id*.

It was not until the circuit court's determination that the petitioner was not competent to stand trial that the provisions of West Virginia Code § 27-6A-6 afforded him "an opportunity to demonstrate a defense to the pending criminal charges and the possibility to escape future prosecution upon a finding of insufficient evidence . . . ." *Gum*, 234 W. Va. at 269, 764 S.E.2d at 800. As we held in *Gum*, this opportunity involves a bench trial, not a jury trial:

The right to a jury trial does not attach to a hearing requested pursuant to West Virginia Code § 27-6A-6 (2013) for the purpose of permitting a criminal defendant, who has been adjudged incompetent, to establish any defenses to the charged offense other than the defense of not guilty by reason of mental illness.

17

*Id.* at 265, 764 S.E.2d 794-95, Syllabus. According to the statute, if the circuit court finds "insufficient evidence to support a conviction, it shall dismiss the indictment and order the release of the defendant from criminal custody."[13] W. Va. Code § 27-6A-6. The circuit court can grant a defendant's request for a hearing "in its discretion." *Id.* We recognized in *Gum* that the hearing provided in the statute is "civil in nature[,]" that "the quantitative level of proof required under West Virginia Code § 27-6A-6 is sufficient evidence and not the criminal standard requiring evidence beyond a reasonable doubt[,]" and that the purpose of the statute was "directed at the joint purposes of protecting the public and ensuring appropriate treatment for individuals who are both incompetent and criminally violent." *Gum*, 234 W. Va. at 269, 764 S.E.2d at 800.

In examining the record in the instant case leading to the circuit court's denial of the petitioner's request for a hearing pursuant to West Virginia Code § 27-6A-6, it is clear that the focus of the circuit court was on the procedural issue of the timeliness of the petitioner's request – not on any substantive merits of whether the petitioner should be given an opportunity to present a defense as requested. As the circuit court indicated in its December 9, 2016, order, in 2008, the petitioner was found "incompetent to stand trial; the offense involved violence against a person; and the Defendant is not likely to regain

---

[13]The statute further provides that the release order may be stayed for ten days to allow for civil commitment proceedings to be instituted by the prosecutor. W. Va. Code § 27-6A-6.

competency[.]" Further, the circuit court "found the Defendant would have been convicted of the offense for which he was indicted but for his lack of competency[.]" The circuit court then found that "there was no request by the Defense for a hearing for the Defendant to offer a defense pursuant to W.V. Code §27-6A-6 at that time or within a reasonable time thereafter." Based upon these findings, the circuit court concluded that it had discretion to grant the petitioner's requested hearing to offer a defense and that he "was not entitled to offer a defense to the charges contained in the Indictment[.]"

The problem with the circuit court basing its denial of the petitioner's request for a hearing on the timeliness of the request is that there is absolutely nothing in the provisions of West Virginia Code § 27-6A-6 that provides, or even suggests, any specific time frame for when such a request must be filed. Rather, the statute only provides that such a request may not be made until "a defendant who has been been found to be not competent to stand trial believes that he or she can establish a defense of not guilty to the charges pending against him or her, other than the defense of not guilty by reason of mental illness[.]" *Id*. The reason for a lack of a definite time period in which to file a request for an opportunity to present a defense presumably is due to the Legislature's implicit acknowledgment that defendants who are found not competent to stand trial may be subject to long periods of detentions during which time evidence supporting a defense to the criminal charges may change or become available. Certainly, given the civil and protective nature of

19

these types of proceedings, the focal point on whether to grant a request should not rest upon a rigid, inflexible time frame in which the request should have been made, but on the substantive merits of the request itself. In this case, there was no objection raised as to the timeliness of the petitioner's request. Instead, both parties showed up on the day the hearing was scheduled ready to proceed. The circuit court was concerned about the prejudice to the State that might result from conducting a hearing years after the offenses allegedly occurred, and the strategic advantage that might benefit the petitioner in delaying this type of hearing. The reality, however, is that inherent in the competency statute is a burden placed upon the State of being ready to move forward with the criminal charges against the defendant if the defendant regains competency during the period of the court's jurisdiction, which is the maximum sentence for the crimes charged. W. Va. Code § 27-6A-3(h) ("A defendant shall remain under the court's jurisdiction until the expiration of the maximum sentence unless the defendant attains competency to stand trial and the criminal charges reach resolution or the court dismisses the indictment or charge.")

Additionally, we are concerned by the lack of a hearing transcript for the 2008 proceeding before the circuit court that lead to the circuit court's determination that the petitioner was not competent. And the fact that the circuit court had previously excluded the petitioner's statements to law enforcement, which included a confession to the crimes charged. Both of these facts lend to a heightened need to provide the petitioner with an

20

evidentiary hearing. As the petitioner correctly argues: "If the petitioner were to be successful he could be released or could face civil commitment proceedings. If he were unsuccessful, he would simply remain in his placement pursuant to the court's previous order." As the petitioner posits, there is no real negative consequence for him or the State in having a bench trial as provided by West Virginia Code § 27-6A-6. Indeed, the potential for harm in this case comes from the denial of the petitioner's request to present evidence of a defense to the charges against him insofar as he is being detained in a group home for a period of forty to ninety years. As we have previously stated:

> Only where we are left with a firm conviction that an error has been committed may we legitimately overturn a lower court's discretionary ruling.
>
>> "Where the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed."
>
> *Intercity Realty Co. v. Gibson*, 154 W. Va. 369, 377, 175 S.E.2d 452, 457 (1970) (quoting *Brunner v. United States*, 190 F.2d 167, 170 (9th Cir.1951), *cert. granted*, 342 U.S. 917, 72 S.Ct. 364, 96 L.Ed. 685, *rev'd*, 343 U.S. 918, 72 S.Ct. 674, 96 L.Ed. 1332 (1952) (per curiam)) (additional citation omitted).

*Covington v. Smith*, 213 W. Va. 309, 322-23, 582 S.E.2d 756, 769-70 (2003). We are of a firm conviction that the circuit court erred in denying the petitioner's request for a hearing to present evidence of a defense to the charges in the criminal indictment against him. *Id.*

21

**IV. Conclusion**

Based upon the foregoing, the decision of the circuit court is reversed and the case is remanded for a hearing as set forth in West Virginia Code § 27-6A-6.

Reversed and remanded
with instructions.