# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0037** (Marion County CC-24-2004-F-62)

**Carter Perry King,**
**Defendant Below, Petitioner**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Carter Perry King, by counsel Scott A. Shough, appeals the Circuit Court of Marion County's December 21, 2018, order finding that the evidence of his guilt was sufficient to support convictions for the crimes charged and reimposing his commitment under the court's supervision for the remainder of his sentence following his hearing to present a defense other than not guilty by reason of mental illness pursuant to West Virginia Code § 27-6A-6. Respondent State of West Virginia, by counsel Scott E. Johnson, filed a response in support of the circuit court's order. On appeal, petitioner argues that the presiding circuit judge should have been permitted to recuse himself and that the circuit court erred in finding that petitioner would have been convicted at trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on two counts of sexual abuse by a parent, guardian, or custodian and two counts of second-degree sexual assault in February of 2004. These charges arose from petitioner's alleged conduct in which he either engaged, or attempted to engage, in sexual intercourse or intrusion with a child in his care, custody, or control. *See State v. King*, 240 W. Va. 373, 374-75, 813 S.E.2d 26, 27-28 (2018). Later that year, the circuit court committed petitioner to the William R. Sharpe Jr. Memorial Hospital ("Sharpe Hospital") for a short period because it found that he was not capable of participating substantially in his defense or understanding the nature and consequences of a criminal trial and may have posed a danger to himself or others. *Id*. at 375, 813 S.E.2d at 28. After various motions and hearings over the next several years, the circuit court ultimately found in October of 2008

1

that the petitioner was not competent to stand trial "because he does not exhibit sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." The circuit court further found that the petitioner was "not substantially likely to attain competency and that the indictment against the [petitioner] involves acts of violence against a person."

*Id*. at 376, 813 S.E.2d at 29. Based on these findings,

[t]he circuit court ordered that the petitioner be committed to [Sharpe Hospital] and that the court "maintains jurisdiction over the [petitioner] for forty (40) years to (90) years, the maximum possible sentence [petitioner] would have received if he had been convicted of the crime(s) charge[d], or until the [petitioner] regains competency and the criminal charges reach resolution which[ever] is sooner."

*Id*. Following a subsequent evaluation, and because it constituted the least restrictive suitable placement, the circuit court later transferred petitioner to the Browns Mill Group Home.

In April of 2013, petitioner moved for "an 'opportunity to offer a defense to the charges pending against [him] before the court' pursuant to West Virginia Code § 27-6A-6" because he "believe[d] that he [could] establish a defense of not guilty."[1] *King*, 240 W. Va. at 376, 813 S.E.2d at 29. The circuit court held a hearing on the issue and directed the parties to file additional briefing. *Id*. Ultimately,

[b]y order entered December 9, 2016, the circuit court denied the petitioner's request for a hearing on the merits of his potential defense. The circuit court found

---

[1]West Virginia Code § 27-6A-6 provides as follows:

If a defendant who has been found to be not competent to stand trial believes that he or she can establish a defense of not guilty to the charges pending against him or her, other than the defense of not guilty by reason of mental illness, the defendant may request an opportunity to offer a defense thereto on the merits before the court which has criminal jurisdiction. If the defendant is unable to obtain legal counsel, the court of record shall appoint counsel for the defendant to assist him or her in supporting the request by affidavit or other evidence. If the court of record in its discretion grants such a request, the evidence of the defendant and of the State shall be heard by the court of record sitting without a jury. If after hearing such petition the court of record finds insufficient evidence to support a conviction, it shall dismiss the indictment and order the release of the defendant from criminal custody. The release order, however, may be stayed for ten days to allow civil commitment proceedings to be instituted by the prosecutor pursuant to article five [§§ 27-5-1 et seq.] of this chapter: Provided, [t]hat a defendant committed to a mental health facility pursuant to subsection (f) or (h), section three [§ 27-6A-3] of this article shall be immediately released from the facility unless civilly committed.

that on December 18, 2008, the petitioner was not competent to stand trial and that he "would have been convicted of the offenses for which he was indicted but for his lack of competency." The circuit court stated that "there was no request by the [d]efense for a hearing for the [petitioner] to offer a defense pursuant to W. Va. Code § 27-6A-6 at that time or within a reasonable time thereafter." The circuit court then concluded that it would not disturb the findings made by Judge Fox in his December 18, 2008, order. Further, the circuit court determined that while the petitioner may request the opportunity to offer a defense on the merits after a finding of incompetency pursuant to West Virginia Code § 27-6A-6, whether to grant such request was within the sole discretion of the court. The circuit court denied the petitioner's request.

*King*, 240 W. Va. at 378, 813 S.E.2d at 31. Petitioner appealed the denial of this hearing, and this Court ultimately remanded the matter for a hearing pursuant to West Virginia Code § 27-6A-6. *King*, 240 W. Va. at 382, 813 S.E.2d at 35.

Upon remand, petitioner moved to disqualify the presiding judge on the grounds that he previously found that the evidence against petitioner was sufficient to warrant a conviction and expressed deference to the prior judge's decisions made in the case in 2008. In response, the presiding judge indicated that he would request a new judge to preside over the matter to avoid the appearance of impropriety, even though he believed he could fairly preside over the matter. This Court, however, denied the request for a new judge by order entered in May of 2018.

Thereafter, the circuit court held evidentiary hearings in August and October of 2018. The victim testified to petitioner's conduct and specifically indicated that he took off her clothes against her will, "held her down with his arms," and "put his penis inside [her] vagina." The victim, who was twelve years old at the time, testified that she repeatedly told petitioner to stop but that he continued and threatened her if she did not comply. The victim further testified that petitioner sodomized her. The State also presented testimony from the investigating officer, who confirmed that the victim's medical records corroborated her statement about petitioner's crimes. Based upon the evidence presented, the circuit court found sufficient support for petitioner's conviction of the crimes charged and ruled that the prior order regarding petitioner's commitment be enforced. It is from the resulting order that petitioner appeals.

"With regard to the petitioner's assertion of unconstitutional error arising from West Virginia Code § 27-6A-6, our review is plenary." *King*, 240 W. Va. at 378, 813 S.E.2d at 31 (citations omitted). Further, as this Court has long held,

> "[i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Com'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl., *State v. Maisey*, 215 W. Va. 582, 600 S.E.2d 294 (2004).

On appeal, petitioner first alleges that the presiding circuit court judge should have been disqualified, given that he previously denied petitioner a hearing on his possible defense and found that the evidence would have been sufficient to support his conviction while expressing deference to the findings and decision of the prior judge who presided over the matter. As set forth above, the judge agreed to his disqualification, although he nonetheless maintained that he was able to remain impartial. Based on the same allegations currently before this Court, we previously denied the disqualification, finding that these allegations were "insufficient to warrant disqualification." "The matter of judicial recusal and disqualification is a matter of discretion reposed solely in the presiding judge and the Chief Justice of this Court." *Patton v. Cty. of Berkeley*, -- W. Va. --, 835 S.E.2d 559, 563 (2019) (citation omitted). As this Court found in *Patton*, "reiterating the same argument" from a motion for disqualification that this Court has previously denied and "fail[ing] to offer any new evidence or argument in support of [the] assertion that the proceedings below were not fair" is insufficient to entitle a party to relief on appeal. *Id*. Given that petitioner is simply alleging the same grounds for disqualification that this Court previously found to be insufficient, we find he is entitled to no relief on appeal.

Finally, we find no error in regard to petitioner's argument that the circuit court erred in evaluating the evidence against him.[2] According to petitioner, the victim's testimony was inherently incredible and, therefore, insufficient to find that he would have been convicted at trial. However, the record shows that the circuit court specifically found that "the testimony of the victim . . . is credible, clear, and convincing." This Court has long held that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) (citation omitted). Citing what he believes to be inconsistencies in the victim's testimony, petitioner argues that "without corroborating evidence" the testimony "should not have been sufficient to support a conviction." However, this Court has established that "'[a] conviction for any sexual offense may be obtained on the uncorroborated testimony of the victim, unless such testimony is inherently incredible[.] . . . [C]redibility is a question for the jury.' Syl. pt. 5, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981)." Syl. Pt. 1, *State v. Haid*, 228 W. Va. 510, 721 S.E.2d 529 (2011). Accordingly, we find that the victim's vivid testimony regarding petitioner's crimes is not inherently incredible and, thus, the circuit court's determination regarding the victim's credibility is entitled to substantial deference.

Additionally, petitioner's argument on appeal is flawed in that it ignores other important and substantial evidence admitted during the evidentiary hearings below. In addition to his erroneous assertion that the victim's allegations were uncorroborated, petitioner asserts that "[t]he *sole evidence* against [him] . . . was the testimony of the alleged sexual assault victim." (Emphasis added). This argument, however, ignores testimony from the investigating officer regarding the victim's medical records. Based on the admission of those medical records and the officer's testimony, the circuit court specifically found that the investigating officer "corroborated [the

---

[2]Petitioner does not assert that the State failed to prove any essential element of either of the crimes with which he was charged or otherwise challenge the sufficiency of the evidence in regard to those elements. Petitioner's entire argument on appeal is predicated only upon his assertion that the victim's testimony is incredible.

4

victim's] disclosure with [her] medical records." Other than asserting—without any citation to expert medical testimony that would support his conclusion—that the victim's "anal injury was the result of [a] . . . pinworm infection," petitioner provides no argument on appeal to dispute the officer's testimony regarding the fact that the medical records corroborate the victim's disclosure. As such, we conclude that the circuit court's finding as to the corroborating nature of the medical records was not in error.

Finally, it is important to note that the evidentiary standard in this proceeding was lower than it would have been at a criminal trial. This Court has established that

> the hearing provided in [West Virginia Code § 27-6A-6] is "civil in nature[,]" that "the quantitative level of proof required under West Virginia Code § 27-6A-6 is sufficient evidence and not the criminal standard requiring evidence beyond a reasonable doubt[,]" and that the purpose of the statute was "directed at the joint purposes of protecting the public and ensuring appropriate treatment for individuals who are both incompetent and criminally violent."

*King*, 240 W. Va. at 381, 813 S.E.2d at 34 (citation omitted). Accordingly, given that the victim's testimony alone would have been sufficient to support a criminal conviction under a much higher burden of proof even if it were uncorroborated, which it was not, we do not find error in the circuit court's determination that the evidence was sufficient to support petitioner's continued commitment.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 6, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison